JOSEPH BARNETT v. THE STATE.

*No. 1239. Decided December 11th, 1895.*

**Slander—Evidence.**

To warrant a conviction for slander of a female, it is essential that the slanderous language charged must be proved as charged; and proof of words of precisely the same meaning as those alleged in the indictment, will not suffice.

APPEAL from the Criminal District Court of Galveston. Tried below before Hon. E. D. CAVIN.

This appeal is from a conviction for slander, the punishment being assessed at a fine of $100.

No statement necessary.

*Marsene Johnson*, for appellant.—The indictment is fatally defective, because it simply charges, that defendant claimed to have had carnal knowledge of the woman named, without setting forth the slanderous words; and the indictment did not negative thefact that the woman was the wife of defendant. Wagner v. State, 17 Tex. Crim. Apps., 554.

If the indictment sets forth the exact words used by defendant, then there is a variance between the indictment and proof, and the verdict is not supported by the evidence. Frisby v. State, 26 Tex. Crim. App., 180; Wagner v. State, 17 Tex. Crim. App., 554; Conlee v. State, 14 Tex. Crim. App., 222; Humbard v. State, 21 Tex. Crim. App., 200; Berry v. State, 27 Tex. Crim. App., 483; Stichdt v. State, 25 Tex. Crim. App., 420; Rogers v. State, 30 Tex. Crim. App., 462.

*O. N. Brown* and *Mann Trice*, Assistant Attorney-General, for the State.—An indictment for slander is sufficient, if it set out substantially the language imputing a want of chastity. Melton v. State, 12 Tex. Crim. App., 488; Lagrone v. State, 12 Tex. Crim. Apps., 426; Wiseman v. State, 14 Tex. Crim. App., 74; Humbard v. State, 21 Tex. Crim. App., 200; Rogers v. State, 30 Tex. Crim. App., 462. There is no variance between the allegations and proof. While the word

"f—kd" is not in the dictionaries, it is a word of well known signification, and means "carnal intercourse." Edgar v. McCutchen, 9 Mo., 758. Courts must take judicial notice of the meaning of words and idioms in the vernacular. Hoyle v. Cornwallis, 1 Strat., 387; Hoar v. Silverlock, 12 Adol. & Ell. N. S., 624; Elam v. Badger, 23 Ill., 498.

HURT, Presiding Judge.—This appellant was convicted of the slander of a female, and his punishment assessed at $100. The slander alleged in the indictment is in the following words: "That the said Joseph Barnett had had carnal intercourse with her, the said Bertha Hartfield." The proof was that the appellant had said: "You see that girl, (pointing to Bertha Hartfield). Well, I've f——d her." Appellant moved for a new trial, on the ground that the evidence did not sustain the verdict of the jury. His motion was overruled, and he appealed. The question is, whether there is a variance between the allegation contained in the indictment and the proof. The rules upon this character of cases, namely, slander and libel, are—First, that the words used, assigned for slander, must be set out in the indictment or declaration; second, so much of the language as is necessary to constitute slander must be proved; third, a variation in the form of expression is immaterial. The fact that he used other words than those alleged is immaterial, if the language charged is proved, or so much thereof as constitutes slander. If proof of other words besides those alleged alter the meaning of the language, then this may become a material fact, but this branch of the subject will not be discussed here. The main question in this case is, whether the proof of words with precisely the same meaning, and no other, will suffice. The used, to-wit: "I've f——d her," have no other meaning than those alleged, namely, "did have carnal knowledge." So the question is clearly presented, which is, will proof of words of the same or similar import; satisfy the allegation? We have held, and still hold, that it will not. Townsend on Slander, says: "The words alleged cannot be proved by showing that the defendant published the same meaning in different words, even if equivalent and of similar import." He goes so far as to say: "Proof of words spoken in the second person will not support counts for words spoken in the third person, and vice versa. Proof of a positive assertion is not admitted under an allegation of a hypothetical assertion. An allegetion that the words were, 'He swore to a lie,' is not supported by proof that the words were, 'He swore to a lie, if he swore as Jones said he did.' " The prosecution need not prove all the words laid, but it must prove enough of them to establish the slander charged. We are aware that there is a line of decisions holding that proof that the defendant used words of similar import or meaning is sufficient. This court has followed that line which holds that the language must be substantially proved as charged. Conlee v. State, 14 Tex. Crim. App., 222; Frisby v. State, 26 Tex. Crim. App., 180; Berry v. State, 27 Tex. Crim. App., 483; Rogers v. State, 30 Tex. Crim. App., 462. If this rule is departed from, we apprehend that the

question as to whether the language proven was of similar import and meaning with that alleged would constantly arise, and in a great many cases present very difficult questions in determining whether the language charged and that used was of similar import. The rule that the language charged must be proved, is a very simple one. The least degree of diligence regarding this matter would prevent a variance. Besides, that is a just rule, working no hardship to the State, and we will adhere to it. The judgment is reversed, and the cause remanded.

*Reversed and Remanded.*