Joe Martin v. The State.

No. 3539.  Decided June 9, 1915.

Rehearing denied October 13, 1915.

**1.—Slander of Female—Statement of Facts—County Court.**

Where the statement of facts and bills of exception were approved and filed about seventy-five days after the term of the County Court, at which defendant had been tried, had adjourned, the same can not be considered on appeal.

**2.—Same—Complaint—Information—Substance of Statement Sufficient.**

Where, upon trial of the slander of a female, the complaint and information alleged that defendant did then and there orally, falsely and maliciously and falsely and wantonly impute to one Elner Stephens, then and there an unmarried female in this State, a want of chastity in this, towit, he the said Joe Martin did then and there in the presence and hearing of G. D. Smith, falsely, maliciously and wantonly say of and concerning the said Elner Stephens in substance and effect the following: that Elner Stephens was all out of shape, and that John Robison had left the country; that old man Stephens had written him, Robison, a note that he, Robison, would have to marry her or take a load of shot; that he, Joe Martin, had told him, Robison, that there was no use of his going, because it could be proved that others had been there, besides him, Robison. That said Joe Martin meaning by the expression that Elner Stephens was all out of shape, that the said Elner Stephens was pregnant; and meaning by the expression, that others had been there, that other persons had been having carnal intercourse with the said Elner Stephens, the same was sufficient on motion to quash. Davidson, Judge, dissenting.

**3.—Same—Information—Language Used—Substance of Defamatory Statement.**

Where, upon trial of the slander of a female, the information alleged that the defendant falsely, maliciously, and wantonly said of and concerning said female in substance and effect the following, that, etc., a motion to quash on the ground that the information did not purport to set out the language claimed

to have been used by defendant, but only set out the substance and effect of same, there was no error in overruling a motion to quash. Following Conlee v. State, 14 Texas Crim. App., 222, and other cases.

### 4.—Same—Information—Slander of Female—Rule Stated—Pleading.

In the prosecution for slandering a female, it is not necessary to allege in the information or complaint the language used exactly or literally. It is necessary only to set out substantially the language so used, and where the information complied with this rule, the same was sufficient on motion to quash. Davidson, Judge, dissenting.

Appeal from the County Court of Hamilton. Tried below before the Hon. J. L. Lewis.

Appeal from a conviction of slander of a female; penalty, a fine of $100.

The opinion states the case.

*Langford & Chesley* and *Ramsey, Black & Ramsey,* for appellant.— On question of insufficiency of the information: Rogers v. State, 30 Texas Crim. App., 462; Coulson v. State, 16 id., 189; Conlee v. State, 14 id., 222; Wiseman v. State, 14 id., 74; Hammers v. State, 13 id., 344, and cases cited in minority opinion.

*C. C. McDonald,* Assistant Attorney General, for the State.—Cited cases in majority opinion.

PRENDERGAST, PRESIDING JUDGE.—Appellant was convicted of slander and assessed the lowest punishment.

The statement of facts and bills of exceptions were approved and filed about seventy-five days after the term of court at which he was tried had adjourned. Hence they can not be considered.

The only question we can review is the sufficiency of the pleading. The prosecution was had upon a complaint and information, the latter following the former and based thereon.

After the necessary usual allegations in the first and closing parts, the information avers, that on July 1, 1914, "one Joe Martin did then and there orally, falsely and maliciously, and falsely and wantonly, impute to one Elner Stephens, then and there an unmarried female in this State, a want of chastity in this, towit: He, the said Joe Martin, did then and there, in the presence and hearing of G. D. Smith, falsely, maliciously and wantonly say of and concerning the said Elner Stephens, in substance and effect the following: That Elner Stephens was all out of shape and that John Robison had left the country. That old man Stephens had written him, Robison, a note that he, Robison, would have to marry her or take a load of shot. That he, Joe Martin, had told him, Robison, that there was no use of his going because it could be proved that others had been there besides him, Robison. The said Joe Martin meaning by the expression that 'Elner Stephens was all out of shape' that the said Elner Stephens was pregnant; and mean-

Vol. 77 Crim.-25

ing by the expression 'that others had been there' that other persons had been having carnal intercourse with the said Elner Stephens."

Appellant made a motion to quash it on several grounds. We will discuss only his first. None of the others present any sufficient cause to quash, or to require any discussion.

His first ground is: "Because the information does not purport to set out the language claimed to have been used by the defendant, but only purports to set out the substance and effect of same, whereas, under the law the exact language should be set out, the substance thereof proven by the State, and the effect thereof left to the court and jury."

His able and eminent attorneys in their brief now say: "We concede as well settled the rule many times declared by this court that in a slander case it is essential that the information or indictment set forth substantially the language which constitutes the imputation of a want of chastity. See Conlee v. State, 14 Texas Crim. App., 222; Frisby v. State, 26 Texas Crim. App., 180. We do not contend that it is necessary to set out the language exactly or literally. . . . This court has declared in the above cited cases, as well as in others, that it is necessary only to set out substantially the language relied upon." There can be no question but that our law is as stated. So that it is unnecessary to cite the other cases to that effect, or discuss that question at all.

Appellant in his brief further says: "The question here involved is whether or not this rule (that 'it is necessary *only* to set out substantially the language,'—'it is not necessary to set out the language exactly or literally') permits the pleader to state what on the face of the information purports to be merely the substance and effect of what was stated," his *contention* being that said conceded rule "does not mean that he (the pleader) may set out merely the meaning or import of the words said."

His *contention* might be conceded and yet in no way result in the information being held bad, for it does not aver "merely the meaning or import" of the words said, but instead it avers that "he, the said Joe Martin, did then and there *say, in substance and effect,* the following—then gives what he *said,* using the third person, "he," and not the first person, "I." In other words, appellant would have us hold that when it is alleged that appellant *said* "in substance and effect" the following, then states what he said, is the same as alleging that appellant "meant or imported" the following: then states what he *meant or imported merely,* and not what he *said.* This we can not do. Averring that he "in substance and effect" *said* or *did say,* is by no means the same, as by what it is averred he *said* he *"merely meant or imported,"* a certain result or effect of his language uttered. In our opinion the averment is radically different from what appellant contends it should be held to be, and to hold as he contends, we think, would do violence to the language used.

As we further understand appellant's contention, it is, if the pleading had left off the word "effect," and averred he, Joe Martin, did, etc.,

say "in substance" the following, then the pleading would have been good. In our opinion averring he did say "in substance and effect," ought not, and can not reasonably, be held to mean, that what is then averred he *said* is "merely the meaning or import" of the language actually used.

Neither the case of Barnett v. State, 35 Texas Crim. Rep., 280, nor Simer v. State, 62 Texas Crim. Rep., 514, 138 S. W. Rep., 388, mentioned by appellant have any application to the question herein. Neither of those cases discussed or decided any question of pleading. No such question was raised therein. But in each of them was discussed a variance between the allegation and the proof, and decided only that question.

Our statute (P. C., art. 10) is: "Words which have their meaning specially defined shall be understood in that sense, though it be contrary to their usual meaning; and all words used in this Code, except where a word, term or phrase is specially defined, are to be taken and construed in the sense in which they are understood in common language, taking into consideration the context and subject matter relative to which they are employed."

This but prescribes a rule for the construction of the Code, which is equally, and practically universally, applicable to "a word, term or phrase" used in a pleading or other writing. Taking into consideration the context and subject matter of the whole of the pleading herein, we think there can be no question but that the phrase that "said Joe Martin did then and there . . . say of and concerning the said Elner Stephens, in substance and effect, the following:" could not otherwise be "understood in common language" than what it is then alleged he said, was substantially what he did say, instead of "merely what he meant or imported."

Besides, we have other statutory provisions as to what allegations are necessary to constitute a good pleading: . . . "That which is not necessary to prove need not be stated" in a pleading. (C. C. P., art. 452.) It was unnecessary to allege the language exactly or literally, but sufficient to allege it substantially only. If it had been alleged literally, it would have been sufficient to have proved it substantially only. Article 453, C. C. P., says: "The certainty required in an indictment is such as will enable the accused to plead the judgment that may be given upon it, in bar of any prosecution for the same offense." Article 460 is: "An indictment for any offense against the penal laws of this State shall be deemed sufficient which charges the commission of the offense in ordinary and concise language in such a manner as to enable a person of common understanding to know what is meant, and with that degree of certainty that will give the defendant notice of the particular offense with which he is charged, and enable the court, on conviction, to pronounce the proper judgment." "The provisions of this Code shall be liberally construed, so as to attain the objects intended by the Legislature: The prevention, suppression and punishment of crime." (Art. 25, C. C. P.)

Appellant truly says, "it is not necessary to set out the language exactly or literally—it is necessary only to set out substantially the language," and that, and that only, was what was done in said information. The information was good and valid. The judgment is affirmed.

*Affirmed.*

DAVIDSON, Judge.—I can not agree with this opinion, and will write if opinion is adhered to on rehearing.

DAVIDSON, Judge (dissenting).—The charging part of the information is as follows: "One Joe Martin did then and there orally, falsely and maliciously, and falsely and wantonly impute to one Elner Stephens, then and there an unmarried female in this State, a want of chastity in this, towit: He, the said Joe Martin, did then and there, in the presence and hearing of G. D. Smith, falsely, maliciously and wantonly say of and concerning the said Elner Stephens, in substance and effect, the following: That Elner Stephens was all out of shape and that John Robison had left the country. That old man Stephens had written him, Robison, a note that he, Robison, would have to marry her or take a load of shot. That he, Joe Martin, had told him, Robison, that there was no use of his going because it could be proved that others had been there besides him, Robison." Outside of the innuendo matters this is the charging part of the information.

The attack is made in various ways upon this information, the substance of which is it does not sufficiently charge a violation of the slander statute. The contention is, in order to charge the offense of oral slander the words used in the imputation of slander must be set out, and if this can not be done verbatim or exactly, then the words must be substantially set out. The tendency not only of the decisions but all of the text writers has been to hold and lay down the rule that the language used in imputation of slander must be set out as used. This rule has been varied slightly to the extent that where the words can not be reproduced, they may be substantially stated. This has been the rule in Texas. The authorities are numerous and might here be mentioned, but Mr. Branch has collated the cases in his valuable work on Criminal Law in section 602, and following sections, except those cases which have been decided since the publication of his work. The case of Barnett v. State, 35 Texas Crim. Rep., 280, might be referred to as one of the leading cases and one of the best considered cases. It was written by Judge Hurt when he was presiding judge of this court. The Barnett case was reviewed in rather an exhaustive opinion by Judge Harper in Simer v. State, 62 Texas Crim. Rep., 514, and approved. See also Neely v. State, 32 Texas Crim. Rep., 370. Where a rule has been well settled, followed and acquiesced in by the bench and bar, citation of numerous authorities are not necessary, nor would it be advisable to alter or change those decisions. Now, upon the face of this information it is clear that the language was not set out nor attempted to be set out either exactly or

in substance. The language in charging says "in substance and effect." The effect of the language is not sufficient. The effect of the impu-. tation is the thing to be decided. It may or may not impute a want of chastity. The imputation must be found in the language itself. Sometimes when the words used are obscure, innuendo or explanatory averments may assist the pleader, but the words must be set out at least substantially and not the effect of the substance of the words. The information does not sufficiently charge slander. and must be held defective. The other questions are not discussed.

The judgment ought to be reversed and the prosecution ordered dismissed. This was written as the original opinion in this case, but the majority, not agreeing to it, took the case and wrote an affirmance.