Arthur N. **PETTIJOHN**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 199–88.

Court of Criminal Appeals of Texas, En Banc.

Nov. 29, 1989.

Rehearing Denied Jan. 17, 1990.

---

B. Warren Goodson, Jr., Beaumont, for appellant.

Patrick O. Hardy, Dist. Atty., Woodville, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

MILLER, Judge.

Appellant was convicted by a jury of harassment pursuant to V.T.C.A. Penal Code, Section 42.07(a)(1) which states:

A person commits an offense if, with the intent to harass, annoy, alarm, abuse, torment, or embarrass another, he ... initiates communication by telephone or in writing and in the course of the communication makes a comment, request, suggestion, or proposal that is obscene ...

The trial judge assessed punishment at six months in the Tyler County Jail and a one-thousand dollar fine, with the six-month jail sentence being probated. On direct appeal, the Beaumont Court of Appeals affirmed in an unpublished opinion. *Pettijohn v. State*, No. 09–87–196–CR (Tex. App.—Beaumont, January 27, 1988). We granted appellant's petition for discretionary review to determine whether the court of appeals was correct in overruling two of appellant's points of error, to wit: that the evidence was insufficient to show first that the communication was obscene and second that appellant initiated the communication. We will reverse the judgments of the trial court and the court of appeals and remand this cause to the trial court with instructions that it enter a judgment of acquittal.

The facts relevant to appellant's first ground for review are as follows. Patrick J. Stupak, the complainant in the present case, was employed by the Timberlake Development Company in Ivanhoe, a subdivision of Woodville, Texas. On or about September 5, 1986, Stupak discovered that a certain letter had been sent to his boss and to Tyler County Sheriff Leon Fowler. The letter was addressed to "Timberlakes Development Corp (sic), Ivanhoe Property Oweners (sic) assn. Inc." and indicated that copies had been sent to "Sheriff Leon Fowler", "F.B.I.", and "U.S. District Attorney". The letter was titled "TAKE NOTICE", and was apparently intended to notify its recipients of "pending Federal court Action (sic)" for various listed reasons, including the following accusations specifically against Stupak:

Pat Stupak, Ivanhoe's maintenance man, has been seen making sexual advances to little boys and molesting little children. Mr. Stupak also trespasses and steals from property owners. We are asking for (sic) Grand Jury investigation of Mr. Stupak.

The letter was signed with the typewritten words "A PROPERTY OWNER" and was undersigned with the handwritten initials "R.J.M." followed by the typewritten words "Attorney AT Law" (sic).

The information alleged that appellant had committed harassment based upon the first sentence of the above paragraph. To prove the comment was obscene, the State offered only the letter itself and Stupak's testimony at trial that in his opinion the comment was obscene. At the close of the State's case-in-chief, appellant moved for an instructed verdict, contending that the State had failed to prove the comment was obscene according to the statutory definition provided in V.T.C.A. Penal Code, Section 42.07(b), which states in pertinent part:

> For purposes of Subsection (a)(1) of this section, "obscene" means containing a patently offensive description of or a solicitation to commit an ultimate sex act, including sexual intercourse, masturbation, cunnilingus, fellatio, or anilingus, or a description of an excretory function.

The trial court overruled appellant's motion, however, reasoning that "making sexual advances" was equivalent to a solicitation to commit an ultimate sex act.

Citing no authority and offering no explanation for its disposition, the court of appeals summarily held that the evidence was sufficient to prove that the comment was obscene under the statute. In his first ground for review, appellant maintains that the evidence is insufficient to prove that the communication was obscene, arguing that "making sexual advances" or "molesting" does not describe an "ultimate" sex act. We agree.

In light of the lack of any caselaw on point, both appellant and the State position their arguments from a definitional standpoint, i.e., the literal meaning of "ultimate".[1] When interpreting the meaning of a particular statutory term we may employ several statutory construction aids. See Government Code § 311.023. One common

precept of statutory construction is that "words and phrases shall be read in context and construed according to rules of grammar and common usage" unless the words have acquired a technical meaning. See Govt.Code § 311.011(a) and (b), and e.g. *Camacho v. State*, 765 S.W.2d 431 (Tex.Cr. App.1989). The statute, Section 42.07, does not specifically define the word "ultimate", so it has not acquired a particular or technical meaning as used within this penal code section. Section 42.07 does, however, provide an exemplary list of "ultimate sex acts", which provides insight into the meaning in which the legislature intended for the phrase.

The statutory examples given are of a very specific nature, describing particular sexual activities, unlike the more general terms "making sexual advances" and "molesting" which were used in the letter. Neither of these two phrases describes a particular sexual act. We agree with the assessment by Justice Burgess, the lone dissenter in the court of appeals, that the letter in question asserts "a nondescript allegation of the commission of sexual offenses" but not a description of a sexual act. Thus, we conclude the legislature intended the phrase "ultimate sex act" as used within the context of the harassment statute to mean something more than the general allegation of sexual activity contained in the information in the case at hand.

We hold, as a matter of law, that the letter did not contain an obscene comment as contemplated by Section 42.07, because the phrases "making sexual advances to little boys" and "molesting little children", while offensive, do not describe ultimate sex acts. Therefore, we sustain appellant's first ground for review and hold the evidence is insufficient to show the communi-

---

1. Appellant argues in his brief that since "ultimate" by definition means "at last, finally, or at the end," it does not equate to "advances" which means "to move forward along a course toward a terminal or goal". Appellant further argues that "molesting" is defined as "to annoy, persecute, disturb or torment" and also falls short of

being an ultimate sex act or obscene. In response, the State likewise relies on Webster's to argue that "ultimate" may mean "last in a progression or series" or "eventual" which, it argues, equates to "advances" which means "hastening a process or bringing about a desired end".

cation, the letter, was obscene.[2] Having sustained appellant's first ground, we need not address the second ground he raises in his petition.

Accordingly, the judgments of the trial court and the court of appeals are reversed, and the cause is remanded to the trial court with instructions that it enter a judgment of acquittal.

---

**2.** In the case at hand, the only evidence offered to show that the comment was obscene was Stupak's testimony that he thought the letter was obscene and the letter itself. Given our interpretation of the meaning of "ultimate sex act" within the definition of obscene, Stupak's opinion as to the obscenity of the letter becomes immaterial.