**Charles W. MIZELL, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 04–00–00543–CR.**

Court of Appeals of Texas,
San Antonio.

Sept. 26, 2001.

Rehearing Overruled Nov. 14, 2001.

Anne More Burnham, Law Offices of Anne Burnham, San Antonio, for Appellant.

Kevin P. Yeary, Asst. Crim. Dist. Atty., San Antonio, for Appellee.

Sitting: PHIL HARDBERGER, Chief Justice, PAUL W. GREEN, Justice and SARAH B. DUNCAN, Justice.

### OPINION

SARAH B. DUNCAN, Justice.

Charles Mizell appeals his conviction and punishment for violating an inmate's civil rights and official oppression. We affirm the trial court's judgment of conviction and remand to the trial court for a new sentencing hearing on the official oppression charge.

#### FACTUAL AND PROCEDURAL BACKGOUND

While investigating an allegation that inmate Joseph Cuellar had made threatening gestures toward a jail trustee, Charles

Mizell, a corporal with the Bexar County Sheriff's Office, was witnessed striking Cuellar's face with his hand. Mizell was charged with one count of violating an inmate's civil rights (Count I) and one count of official oppression (Count II). The jury found Mizell guilty of both offenses as charged. The jury fined Mizell $2,000 for the civil rights violation but assessed no punishment for the official oppression charge. Mizell filed a motion for new trial, which was denied. Mizell appealed.

### DOUBLE JEOPARDY

In his first point of error, Mizell argues he was tried for the same offense twice in violation of the double jeopardy clause's prohibition against multiple prosecutions for the same criminal act. The State responds, arguing there was no double jeopardy violation because each offense contains at least one element that the other does not.[1] We agree with the State.

### *Discussion*

The indictment charged the following:

### Count I (Civil Rights Violation)

CHARLES MIZELL, hereinafter referred to as defendant, a peace officer employed by Bexar County, did then and there intentionally DENY AND IMPEDE *A PERSON IN CUSTODY*, namely: JOSEPH CUELLAR, hereinafter referred to as complainant, IN THE EXERCISE AND ENJOYMENT OF ANY RIGHT, PRIVILEGE, AND IMMUNITY, to-wit: by striking Joseph Cuellar with the defendant's hand in the Bexar County Adult Detention Center

Annex, and the defendant knew his conduct was unlawful.

### Count II (Official Oppression)

### Paragraph A

CHARLES MIZELL, hereinafter referred to as defendant, a public servant, namely: a peace officer employed by Bexar County, while acting under color of his office and employment, did then and there intentionally SUBJECT *ANOTHER*, namely: JOSEPH CUELLAR, ... TO MISTREATMENT, to-wit: by striking Joseph Cuellar with the defendant's hand in the Bexar County Adult Detention Center Annex, that defendant knew [sic] was unlawful.

### Paragraph B

CHARLES MIZELL, hereinafter referred to as defendant, a public servant, namely: a peace officer employed by Bexar County, while acting under color of his office and employment, did then and there intentionally DENY AND IMPEDE *ANOTHER*, namely JOSEPH CUELLAR, ... IN THE EXERCISE AND ENJOYMENT OF ANY RIGHT, PRIVILEGE, POWER, AND IMMUNITY, to-wit: by striking Joseph Cuellar with the defendant's hand in the Bexar County Adult Detention Center Annex, and the defendant knew his conduct was unlawful.

Mizell contends double jeopardy bars his prosecution for both offenses because they arose from the same criminal act and the elements of official oppression and the civil rights violation as set out in the indictment are identical. We disagree.

1. The State further argues the Texas Legislature has expressed its intention that prosecution for one of the offenses for which Mizell was convicted should not be considered a bar to prosecution for any other offense set out in the Penal Code. *See* TEX. PENAL CODE ANN. § 39.04(c) (Vernon Supp.2000).

■ "[W]here the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact which the other does not." *Blockburger v. United States,* 284 U.S. 299, 304, 52 S.Ct. 180, 76 L.Ed. 306 (1932). The civil rights violation requires the State to prove Mizell struck "a person in custody" whereas the official oppression offense does not. *Compare* Tex. Penal Code Ann. § 39.03(a)(2) (Vernon 1994) and § 39.04(a) (Vernon Supp.2000). *See also Ladner v. State,* 790 S.W.2d 671, 674 (Tex.App.—Tyler 1988) (in comparing civil rights violation and murder, the court concluded murder did not require proof that crime was committed against "a person in custody"), *rev'd on other grounds,* 780 S.W.2d 247, 249 (1989) (discussing with approval court of appeal's review of double jeopardy claim). Likewise, official oppression requires proof that the defendant was "acting under color of his office or employment" whereas the civil rights violation does not. *Compare* Tex. Penal Code Ann. § 39.03(a) (Vernon 1994) and § 39.04 (Vernon Supp.2000). *See also Blasingame v. State,* 706 S.W.2d 682, 683–84 (Tex.App.—Houston [14th Dist.] 1986, pet. ref'd) (discussing official oppression and distinguishing between private wrongdoing and abuse of authority). Because the offenses each contain an element the other does not contain, the offenses are not the same offense under *Blockburger.* We therefore hold that conviction of both offenses is not barred by double jeopardy and overrule the point of error.

### Error in Indictment

In his second and third points of error, Mizell contends he was denied due process because counts one and two of the indictment failed to specify what right, privilege, and immunity Mizell had denied inmate Joseph Cuellar.

### Discussion

■ The State argues Mizell waived or forfeited the right to complain about any alleged error in the indictment because he failed to present an objection to the trial court. Mizell, in response, contends the error in the indictment was fundamental error of constitutional dimension such that the error could not be waived. We disagree.

As the State correctly notes, article 1.14(b) of the Texas Code of Criminal Procedure provides:

> If the defendant does not object to a defect, error, or irregularity of form or substance in an indictment or information before the date on which the trial on the merits commences, he waives and forfeits the right to object to the defect, error, or irregularity and he may not raise the objection on appeal.

Tex.Code Crim. Proc. Ann. art. 1.14(b) (Vernon Supp.2000). The record before us does not contain a written motion to quash nor is there any indication Mizell objected to the indictment at any stage of the case. We therefore overrule Mizell's second and third points of error.

### Factual Sufficiency

In his fourth point of error, Mizell maintains the evidence is factually insufficient to support the jury's verdict.

### Standard of Review

■ In reviewing for factual sufficiency, we consider all of the evidence introduced at trial. *Johnson v. State,* 23 S.W.3d 1, 7 (Tex.Crim.App.2000). The evidence is not viewed in the light most favorable to the prosecution. *Clewis v. State,* 922 S.W.2d 126, 129 (Tex.Crim.App.1996). A guilty verdict may only be set aside

when it is so clearly wrong and unjust that it undermines confidence in the jury's determination. *Johnson*, 23 S.W.3d at 11. Because the jury is the exclusive judge of witness credibility and weight given to witness testimony, it is the jury's prerogative to reject all or part of the evidence and draw reasonable inferences from the evidence presented. *Clewis*, 922 S.W.2d at 135. It is not proper for a reviewing court to reweigh the evidence or to substitute its judgment because it concludes another result is more reasonable. *Id.* Instead, deference must be given to the jury verdict unless it is manifestly unjust and against the great weight of evidence. *Id.; Johnson*, 23 S.W.3d at 11–12.

### Discussion

Mizell's specific complaint is that the evidence is factually insufficient to prove he slapped Joseph Cuellar in the face. We disagree.

■ At trial, Cuellar testified Mizell slapped him. Corporal Lynda Grady also testified she saw Mizell slap Cuellar. Grady said she heard the slap and saw the incident "very clearly." There was evidence, though, Grady suffered from a vision impairment and was fired as a deputy because she was unable to qualify with her weapon due to her poor eyesight. Mizell cites other evidence, the majority of which concerns conflicting witness testimony. The weight given "contradictory testimonial evidence is within the sole province of the jury, because it turns on an evaluation of credibility and demeanor." *Cain v. State*, 958 S.W.2d 404, 408–09 (Tex.Crim. App.1997). A verdict is "not manifestly unjust merely because the jury resolved conflicting views of the evidence in favor of the State." *Id.* at 410. Based on the record presented, we hold the jury verdict is not so against the great weight and preponderance of the evidence as to be

clearly unjust and wrong and overrule Mizell's fourth point of error.

### INEFFECTIVE ASSISTANCE OF COUNSEL

In his final point of error, Mizell claims trial counsel rendered ineffective assistance by failing to attach affidavits in support of a motion for new trial.

### *Applicable Law*

■ When reviewing an ineffective assistance of counsel claim, we follow the test set out by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) and adopted by the Texas Court of Criminal Appeals in *Hernandez v. State*, 726 S.W.2d 53, 55–57 (Tex.Crim.App.1986). To prevail, a defendant has the burden of showing by a preponderance of the evidence: (1) trial counsel's performance was deficient, and (2) the deficient performance prejudiced the defense. *Jackson v. State*, 877 S.W.2d 768, 771 (Tex.Crim.App.1994). This showing must be sufficient to overcome the strong presumption trial counsel rendered adequate assistance and counsel's actions were sound trial strategy. *Id.* at 771. "Any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness." *Thompson v. State*, 9 S.W.3d 808, 813 (Tex.Crim.App. 1999) (quoting *McFarland v. State*, 928 S.W.2d 482, 500 (Tex.Crim.App.1996), *cert. denied*, 519 U.S. 1119, 117 S.Ct. 966, 136 L.Ed.2d 851 (1997)).

### *Discussion*

Trial counsel filed a motion for new trial, alleging the verdict is contrary to the law and evidence. Because counsel did not file any supporting affidavits with his motion for new trial, Mizell contends he was denied a hearing and the opportunity to present evidence demonstrating the ver-

dict is contrary to the law and evidence. We disagree.

■ Not all motions for new trial require supporting affidavits. *See State v. Daniels,* 761 S.W.2d 42, 44 (Tex.App.—Austin 1988, pet. ref'd) (citing *Bearden v. State,* 648 S.W.2d 688, 690 (Tex.Crim.App. 1983)). In criminal trials, the court may hear evidence supporting a motion for new trial "by affidavit or otherwise." TEX. R.APP. P. 21.7.

■ Here, trial counsel only challenged the sufficiency of the evidence in the motion for new trial—a matter determinable from the record. *See Daniels,* 761 S.W.2d at 44–45. Therefore, supporting affidavits were not necessarily required. And because Mizell did not claim trial counsel was ineffective in his motion for new trial, there is no evidence in the record to rebut the presumption counsel's failure to attach affidavits was anything other than a strategic decision. The State argues counsel may have simply intended to file the motion to extend the time period to file a notice of appeal. If that was the case, then there would have been no reason to file supporting affidavits. Because the record is silent as to defense counsel's possible strategies, we decline to speculate why counsel acted as he did. *See Jackson v. State,* 877 S.W.2d at 771. We therefore hold Mizell failed to establish counsel was ineffective and overrule his fifth point of error.

### THE STATE'S CROSS-POINT OF ERROR

In a cross-point, the State contends the trial court erred in allowing the jury to return a punishment that was not within the statutory punishment range. Mizell argues this Court lacks jurisdiction to consider the State's cross-point of error because the State did not file a notice of appeal as required by article 44.01 of the Texas Code of Criminal Procedure.

### 1. Jurisdiction to Address Cross–Point Applicable Law

Pursuant to Article 44.01(a) of the Code of Criminal Procedure:

(a) The state is entitled to appeal an order of a court in a criminal case if the order:

(1) dismisses an indictment, information, or complaint or any portion of an indictment, information, or complaint;

(2) arrests or modifies a judgment;

(3) grants a new trial;

(4) sustains a claim of former jeopardy; or

(5) grants a motion to suppress evidence, a confession, or an admission, if jeopardy has not attached in the case and if the prosecuting attorney certifies to the trial court that the appeal is not taken for the purpose of delay and that the evidence, confession, or admission is of substantial importance in the case.

(b) The state is entitled to appeal a sentence in a case on the ground that the sentence is illegal.

(c) The state is entitled to appeal a ruling on a question of law if the defendant is convicted in the case and appeals the judgment.

(d) The prosecuting attorney may not make an appeal under Subsection (a) or (b) of this article later than the 15th day after the date on which the order, ruling, or sentence to be appealed is entered by the court.

TEX.CODE CRIM. PROC. art. 44.01 (Vernon Supp.2000).

### Discussion

After the State filed its response brief containing the cross-point of error, Mizell filed a reply brief in which he argued the State must first file a written notice of

appeal in accordance with Rule 26 of the Texas Rules of Appellate Procedure to raise a cross-point on appeal. The State responded, arguing it was not required to file a notice of appeal because it was appealing under article 44.01(c), which according to the State, does not require a written notice of appeal. The State reasons that article 44.01(d) makes the fifteen day rule applicable only to sections (a) and (b). It further reasons that Rule 25.2, unlike Rule 25.1, does not expressly state "who must file" a notice of appeal in a criminal case. Therefore, it contends the State need only file a written notice of appeal when it is the appellant. We agree.

 While article 44.01(d) and Rule 26.2(b) set forth the time in which the State must file a notice of appeal when it is the appellant, neither article 44.01 nor the Rules of Appellate Procedure regarding criminal appeals requires the State to file a written notice of appeal "to appeal a ruling on a question of law [when] the defendant is convicted in the case and appeals the judgment." *See* TEX.CODE CRIM. PROC. art. 44.01; TEX.R.APP. PROC. 25.2(a)-(b)(2), 26.2(b). Although Rule 25.1(c) requires a notice of appeal to be filed by any party in a civil case seeking to alter the trial court's judgment, there is no counterpart to Rule 25.1(c) for criminal cases. We therefore respectfully decline to follow *Malley v. State*, in which the Beaumont Court of Appeals concluded the State was required to file a notice of appeal under 44.01(c). *See Malley v. State*, 9 S.W.3d 925, 927 (Tex.App.—Beaumont 2000, pet. ref'd). Accordingly, we will address the State's cross-point.

### 2. *Is Mizell's Sentence Void?*

In its cross-point, the State argues the trial court erred in allowing the jury to return a punishment that was not within the statutory punishment range. We agree.

Official oppression is a Class A misdemeanor. TEX. PENAL CODE ANN. § 39.03(d) (Vernon 1994). The Texas Penal Code requires that a person found guilty of a Class A misdemeanor be punished by: "(1) a fine not to exceed $4,000; (2) confinement in jail for a term not to exceed one year; (3) or both such fine and confinement." *Id.* § 12.21.

The jury found Mizell guilty of official oppression but assessed no punishment. Therefore, punishment on this charge was not within the prescribed statutory range. Sentences below the statutory minimum are void. *Villarreal v. State*, 590 S.W.2d 938, 939 (Tex.Crim.App.1979). We therefore sustain the State's cross-point.

### CONCLUSION

Because the sentencing error only affects the punishment assessed, we affirm the trial court's judgment of conviction and its sentence on count one, vacate the sentence imposed for count two, and remand to the trial court for a new sentencing hearing on count two. *See Mills v. State*, 802 S.W.2d 400, 402 (Tex.App.—Houston [1st Dist.] 1991, pet. ref'd).