# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-07-00616-CR

**Mary Alice Rendon, Appellant**

**v.**

**The State of Texas, Appellee**

**FROM THE COUNTY COURT AT LAW NO. 1 OF HAYS COUNTY
NO. 80974, HONORABLE HOWARD S. WARNER II, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

In a single point of error, appellant Mary Alice Rendon contends that the evidence is legally insufficient to sustain the jury's verdict convicting her of harassment. *See* Tex. Penal Code Ann. § 42.07 (West 2003). We find this contention to be without merit. However, because the sentence and order placing appellant on community supervision are not authorized by law, we reverse the judgment and remand for reassessment of punishment.

The complainant, Leticia Shorey, testified that she was the common-law wife of Robert Ibarra. Appellant was Ibarra's daughter from a previous marriage. On December 15, 2005, appellant made a telephone call to Shorey and left a recorded message. The circumstances that prompted this call were disputed, but it was undisputed that in her recorded message, appellant called Shorey a "whore" who "would only charge fifty cents for a fuck, [be]cause that is all you are worth." The information alleged, and by its verdict the jury found, that the quoted words were an obscene

comment made by appellant with the intent to harass, annoy, alarm, abuse, torment, or embarrass Shorey. *See id*. § 42.07(a)(1).

Appellant contends that her comment was not obscene, and hence the evidence does not support her conviction. In the context of the harassment statute, "obscene" means "containing a patently offensive description of or a solicitation to commit an ultimate sex act, including sexual intercourse, masturbation, cunnilingus, fellatio, or anilingus, or a description of an excretory function." *Id*. § 42.07(b)(3). Appellant argues that her use of the word "fuck," although offensive, was nothing more than a general allusion to sexual activity and did not describe an ultimate sex act.

Appellant refers us to the opinion in *Pettijohn v. State*, which was also a harassment case. 782 S.W.2d 866, 867 (Tex. Crim. App. 1989). The evidence showed that the defendant had written a letter to the complainant's employer and to the county sheriff stating that the complainant "had been seen making sexual advances to little boys and molesting little children." *Id*. The court of criminal appeals held that the quoted statements were not obscene. *Id*. at 868. Citing the statutory definition found in section 42.07(b), the court noted that "[t]he statutory examples given are of a very specific nature, describing particular activities." *Id*. The court concluded that "the legislature intended the phrase 'ultimate sex act' as used within the context of the harassment statute to mean something more than the general allegation of sexual activity contained in the information in the case at hand." *Id*.

Although we agree with appellant that a general allegation of or allusion to sexual activity does not constitute an obscene comment for the purpose of a prosecution for harassment, we do not agree that the language she used in her telephone call to Shorey was comparable to that

2

used by the defendant in *Pettijohn*. One of the most vulgar yet often-used words in the English language, "fuck," when used as a noun as it was here, has as its primary meaning "an act of sexual intercourse." *The American Heritage College Dictionary* 549 (3d ed. 2000); *see also* Eric Partridge, *A Dictionary of Slang and Unconventional English* 305 (7th ed. 1970). A rational trier of fact could find beyond a reasonable doubt that appellant's comment to the complainant that she "would only charge fifty cents for a fuck" contained a patently offensive description of an ultimate sex act, specifically sexual intercourse. *See Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007) (legal sufficiency standard of review).

The second opinion relied on by appellant, *Barnett v. State*, does not compel a different result. 33 S.W. 340 (Tex. Crim. App. 1895). The indictment in that case alleged that the defendant slandered a female by saying that he "had had carnal intercourse with her." *Id*. The evidence at trial showed that he had said, "Well, I've f–d her." *Id*. The court of criminal appeals held that although the defendant's words "have no other meaning than those alleged," the conviction could not stand because it was not sufficient for the State to prove words of the same or similar import to the words alleged in the indictment. *Id*. at 341. Instead, the rule was that "the language charged must be proved." *Id*. In other words, the conviction was reversed because of a variance between the pleading and the proof. Insofar as *Barnett* is relevant to the case now before us, it is contrary to appellant's position because it recognizes that the word "fuck" means "carnal intercourse."

We hold that the evidence is legally sufficient to sustain the conviction for harassment. Appellant's point of error is overruled.

In our review of the record, we have discovered unassigned error that must be addressed. *See Sanchez v. State*, 209 S.W.3d 117, 120-21 (Tex. Crim. App. 2006). The judgment in this cause purports to sentence appellant to 0 days confinement in jail and a fine of $0, and to suspend imposition of this sentence and place appellant on community supervision for one year. Neither the sentence nor the community supervision order is authorized by law.

In its punishment charge, the trial court instructed the jurors that "[t]he punishment authorized for this offense is by confinement in the county jail for a period of not less than 0 days and not more than 180 days and by a fine of not less than $0 and not more than $2,000.00." The charge also authorized the jury to recommend community supervision. The jury returned a verdict assessing appellant's punishment at 0 days in the county jail and a fine of $0, and recommending that she be placed on community supervision for one year. The trial court's judgment, in conformity to the verdict, sentences appellant to "a fine of $0 and confinement in the Hays County Jail for a term of 0," suspends imposition of this sentence, and places appellant on community supervision for one year.

The authorized punishment for a class B misdemeanor is: (1) a fine not to exceed $2,000, or (2) confinement in jail for a term not to exceed 180 days, or (3) both such a fine and confinement. Tex. Penal Code Ann. § 12.22 (West 2003). The court's charge and the accompanying verdict form erroneously permitted the jury to assess a "punishment" consisting of neither a fine nor confinement, and this is precisely what the jury did. The punishment and sentence are not within the prescribed statutory range and are therefore void. *Mizell v. State*, 70 S.W.3d 156, 163 (Tex. App.—San Antonio 2001), *aff'd*, 119 S.W.3d 804, 806-07 (Tex. Crim. App. 2003) (holding void class A misdemeanor sentence assessing neither fine nor confinement).

A jury may not assess community supervision as a stand-alone punishment. "Community supervision" means the placement of a defendant under a continuum of programs, sanctions, and conditions for a specified period during which "a sentence of imprisonment or confinement, imprisonment and fine, or confinement and fine, is probated and the imposition of sentence is suspended in whole or in part." Tex. Code Crim. Proc. Ann. art. 42.12, § 2(2)(B) (West Supp. 2008). "A jury that imposes confinement as punishment for an offense may recommend to the judge that the judge suspend the imposition of the sentence and place the defendant on community supervision." *Id*. art. 42.12, § 4(a). In other words, a jury may assess a term of confinement and recommend that it be probated, but community supervision is not statutorily authorized when the punishment does not include confinement.

We affirm the trial court's judgment insofar as it convicts appellant of harassment. We reverse that portion of the judgment assessing punishment and placing appellant on community supervision, and we remand the cause to the trial court for reassessment of punishment. *See id*. art. 44.29(b) (West Supp. 2008); *Mizell*, 70 S.W.3d at 163.

_____

Jan P. Patterson, Justice

Before Justices Patterson, Waldrop and Henson

Affirmed in part; Reversed and Remanded in part

Filed: October 24, 2008

Do Not Publish

5