**Opinion issued January 23, 2014**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-13-00799-CR

_____

**BETTY DOUGIA JASPER, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the County Court**
**Hardin County, Texas[1]**
**Trial Court Case No. 62454**

**MEMORANDUM OPINION**

---

[1] The Supreme Court of Texas transferred this appeal from the Court of Appeals for the Ninth District of Texas. Misc. Docket No. 13-9138 (Tex. Sept. 13, 2013); *see also* TEX. GOV'T CODE ANN. § 73.001 (Vernon 2013) (authorizing transfer of cases). We are unaware of any conflict between precedent of the Court of Appeals for the Ninth District and that of this Court on any relevant issue. *See* TEX. R. APP. P. 41.3.

Appellant, Betty Dougia Jasper, was charged by information with harassment.[2] Appellant pleaded not guilty. The trial court found her guilty. The trial court assessed punishment at 180 days in state jail, suspended the sentence, and placed her on community supervision for one year.[3] In one issue on appeal, appellant argues that the evidence is insufficient to establish that she intended to harass the complainant.

We affirm.

### Background

Appellant separated from her husband, Tommy Jasper, in 2008. Their divorce was still pending in 2009. Some time after appellant and Tommy separated, Tommy and Crystal Graves began dating. Crystal was separated from her husband and in the process of divorcing him. Appellant also began some kind of sexual relationship with Crystal's husband.

Crystal was in her back yard in the evening of June 14, 2009. She saw car headlights pass across her back fence, and walked to the driveway. She saw appellant driving her car up the driveway towards her. Appellant did not stop the car until she was so close that Crystal could have touched the hood with her hands.

---

[2] *See* TEX. PENAL CODE ANN. § 42.07(a) (Vernon Supp. 2013).

[3] In its oral pronouncement, the trial court placed appellant under community supervision for one year. Both appellant and the State claim in their briefs that the judgment sets community supervision for only nine months. This is incorrect. The judgment reflects that appellant has been placed under community supervision for one year, the same as was pronounced by the trial court.

Appellant extended her middle finger at Crystal and laughed at her. Appellant then backed out, yelling vulgar names at Crystal. Crystal called the Hardin County Sheriff's office to report what happened. One of the constables issued a no-trespassing notice to appellant.

Crystal testified that appellant had made a number of harassing phone calls to her. Crystal explained that, at some time in the past, she had lost a child during her pregnancy. Crystal testified that appellant had called her once, saying "that God wouldn't let me have children because I couldn't even take care of a dog."

The incident for which appellant was charged occurred on August 19, 2009. Tommy was living at a hunting camp owned by another person. Crystal was with him. Crystal got a call on her cell phone from an unidentified number. She answered it and heard appellant cursing at her and calling her vulgar names. Appellant told Crystal that Crystal's husband "didn't like fucking [Crystal]. He liked fucking [appellant] better." During her testimony, appellant denied intending to harass, annoy, alarm, abuse, torment, or embarrass Crystal. She did, however, admit to calling her "a yeast-infected slut."

After she ended the phone call, Crystal called the Hardin County Sheriff's Department. Sergeant C. Brewer drove to the hunting camp and talked to Crystal. He then called appellant. Sergeant Brewer testified that appellant admitted to calling Crystal and "that it got ugly and she said that she cursed her, called her ugly

3

names and said -- but she said that she knew she was wrong for doing that and she was sorry for it."

## Sufficiency of the Evidence

In her sole issue on appeal, appellant argues that the evidence is insufficient to establish that she intended to harass the complainant.

### A.     Standard of Review

We apply the same standard of review in bench trials as we do in jury trials. *Grant v. State*, 989 S.W.2d 428, 432 (Tex. App.—Houston [14th Dist.] 1999, no pet.).  We review the sufficiency of the evidence establishing the elements of a criminal offense for which the State has the burden of proof under a single standard of review.  *Matlock v. State*, 392 S.W.3d 662, 667 (Tex. Crim. App. 2013) (citing *Brooks* v. *State,* 323 S.W.3d 893, 895 (Tex. Crim. App. 2010)).  This standard of review is the standard enunciated in *Jackson* v. *Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979).  *Winfrey v. State*, 393 S.W.3d 763, 768 (Tex. Crim. App. 2013).  Pursuant to this standard, evidence is insufficient to support a conviction if, considering all the record evidence in the light most favorable to the verdict, no rational fact finder could have found that each essential element of the charged offense was proven beyond a reasonable doubt.  *See Jackson,* 443 U.S. at 319, 99 S. Ct. at 2789; *In re Winship*, 397 U.S. 358, 361, 90 S. Ct. 1068, 1071 (1970); *Laster v. State*, 275 S.W.3d 512, 517 (Tex. Crim. App. 2009); *Williams v.*

*State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007). We can hold evidence to be insufficient under the *Jackson* standard in two circumstances: (1) the record contains no evidence, or merely a "modicum" of evidence, probative of an element of the offense, or (2) the evidence conclusively establishes a reasonable doubt. *See Jackson*, 443 U.S. at 314, 318 & n.11, 320, 99 S. Ct. at 2786, 2789 & n.11; *see also Laster*, 275 S.W.3d at 518; *Williams*, 235 S.W.3d at 750.

The sufficiency-of-the-evidence standard gives full play to the responsibility of the fact finder to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *See Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Clayton* v. *State,* 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). An appellate court presumes that the fact finder resolved any conflicts in the evidence in favor of the verdict and defers to that resolution, provided that the resolution is rational. *See Jackson,* 443 U.S. at 326, 99 S. Ct. at 2793. In viewing the record, direct and circumstantial evidence are treated equally; circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor, and circumstantial evidence alone can be sufficient to establish guilt. *Clayton,* 235 S.W.3d at 778. Finally, the "cumulative force" of all the circumstantial evidence can be sufficient for a jury to find the accused guilty beyond a reasonable doubt. *See Powell* v. *State,* 194 S.W.3d 503, 507 (Tex. Crim. App. 2006).

**B.    Analysis**

Section 42.07 of the Texas Penal Codes provides, "A person commits an offense if, with intent to harass, annoy, alarm, abuse, torment, or embarrass another, the person . . . initiates communication and in the course of the communication makes a comment, request, suggestion, or proposal that is obscene."  TEX. PENAL CODE ANN. § 42.07(a)(1) (Vernon Supp. 2013).  For the purposes of this statute, obscene means "containing a patently offensive description of or a solicitation to commit an ultimate sex act, including sexual intercourse, masturbation, cunnilingus, fellatio, or anilingus, or a description of an excretory function."  *Id.* § 42.07(b)(3).  Appellant argues there is insufficient evidence to establish that she meant to harass Crystal.

The Court of Criminal Appeals has held that, in order for a statement to be obscene as defined under the statute, the statement must be "a description of a sexual act," as opposed to a "general allegation of sexual activity."  *Pettijohn v. State*, 782 S.W.2d 866, 868 (Tex. Crim. App. 1989).  The only statement by appellant to satisfy this requirement is appellant's statement that Crystal's husband "didn't like fucking [Crystal].  He liked fucking [appellant] better."  We hold this is sufficient to establish that appellant made a comment that was obscene.  *See* TEX. PENAL CODE ANN. § 42.07(a)(1).

6

In her brief, appellant describes the phone call to be from "someone from an unknown phone number." While the telephone number of the caller was not shown on her cell phone, Crystal testified that she recognized appellant's voice. Sergeant Brewer testified that he called appellant later that day and appellant admitted to calling Crystal and that "it got ugly." Even appellant admitted on the stand that she called Crystal on the date in question but denied saying most of the things Crystal identified. We hold there is sufficient evidence in the record to establish that appellant initiated communication with Crystal. *See id.*

Finally, appellant denies that she had the requisite intent to harass Crystal. Appellant argues, "This Court must decide whether this is simply a case of a domestic issue that resulted in heated emotions and not intentional harassment." Appellant fails to establish, however, how one is exclusive of the other. The statute provides no exceptions for "domestic issues" or "heated emotions." Accordingly, this is not an issue we must decide because it has no bearing on appellant's intent.

The statute makes a person criminally responsible for harassment when she "intended, that is, consciously desired, the results of his actions." *Blount v. State*, 961 S.W.2d 282, 284 (Tex. App.—Houston [1st Dist.] 1997, pet. ref'd). Intent can be inferred from circumstantial evidence. *Id.* The evidence establishes that appellant had, for a number of months, called Crystal vulgar names in telephone

7

conversations and in person. She continued doing this on August 19, 2009, using obscene language. Crystal testified that appellant even called her a vulgar name when appellant saw her at the courthouse on the morning of the trial. Considering appellant's repeated efforts to call Crystal vulgar names, including on the day of the trial for her charge of harassment, we hold there was sufficient evidence for the trial court to infer that appellant intended to "harass, annoy, alarm, abuse, torment, or embarrass" Crystal.

Appellant also argues she was simply "trying to protect her property" and "warn[ing] [Crystal] to stay off her property." Appellant fails to explain how claims of who a person prefers to have sex with have any bearing on any matters relating to appellant's property. Nevertheless, at best, this was a matter for the trier of fact to resolve. *See Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789 (holding it is "the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts").

We overrule appellant's sole issue.

## Conclusion

We affirm the judgment of the trial court.

Laura Carter Higley
Justice

Panel consists of Justices Keyes, Higley, and Massengale.

Do not publish. TEX. R. APP. P. 47.2(b).