ACCEPTED
03-15-00530-CR
13048482
THIRD COURT OF APPEALS
AUSTIN, TEXAS
10/4/2016 12:00:23 PM
JEFFREY D. KYLE
CLERK

**DAVID A. ESCAMILLA**
COUNTY ATTORNEY

STEPHEN H. CAPELLE
FIRST ASSISTANT

JAMES W. COLLINS
EXECUTIVE ASSISTANT



314 W. 11TH, STREET
GRANGER BLDG., SUITE 300
AUSTIN, TEXAS 78701

P. O. BOX 1748
AUSTIN, TEXAS 78767
512-854-9415

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
10/4/2016 12:00:23 PM
JEFFREY D. KYLE
Clerk

4 October 2016

The Honorable Jeff Kyle, Clerk
Third Court of Appeals
Austin, Texas
*via electronic service*

> *Re: Jack Bissett v. The State of Texas*
> Cause number 03-15-00530-CR
> **State's letter brief**

Dear Mr. Kyle:

Bissett appeals from a Class A misdemeanor assault judgment of conviction. In a single point of error, he contends that the trial court abused its discretion in refusing to permit counsel to ask the veniremembers whether, if Bissett were found guilty, they could consider assessing punishment at a zero-dollar fine and zero days of confinement in jail. 2 RR 84–86. This, he contends, is the minimum punishment authorized by the Legislature under Texas Penal Code § 12.21 for a Class A misdemeanor. Indeed, under counsel's interpretation, no fine and no confinement would be the minimum punishment authorized for defendants found guilty of any type of offense whose punishment is governed by Penal Code Chapter 12, except for capital felonies.

Assessment of "punishment" at neither a fine nor confinement is not within the statutory range of punishment and is void. *Mizell v. State,* 70 S.W.3d 156, 163 (Tex. App.—San Antonio 2001), *aff'd,* 119 S.W.3d 804, 806–07 (Tex. Crim. App. 2003) (holding void Class A misdemeanor sentence assessing neither fine nor confinement); *Rendon v. State,* No. 03-07-00616-CR, 2008 WL 4682434, at *2 (Tex.

App.—Austin Oct. 24, 2008, no pet.) (mem. op., not designated for publication).

The Penal Code's objectives are to insure the public safety through (1) the deterrent influence of the penalties "hereinafter provided"; (2) the rehabilitation of those convicted; and (3) such punishment as may be necessary to prevent likely recurrence of criminal behavior. TEX. PENAL CODE § 1.02 (West 2011). None of these objectives could be attained under Bissett's scheme. Consequently, besides ignoring binding precedent, Bissett's interpretation of the minimum punishment authorized—i.e., no punishment at all—also violates the Code Construction Act, which forbids absurd statutory interpretations, favors public interest over private, and gives effect to the entire statute. TEX. GOV'T CODE § 311.021 (West 2013).

The trial court did not abuse its discretion.

For these reasons, the Travis County Attorney, on behalf of the people of the State of Texas, asks the Court to overrule Bissett's point of error and affirm the judgment of conviction for assault.

Very truly yours,

Giselle Horton
Assistant Travis County Attorney
State Bar Number 10018000
Post Office Box 1748
Austin, Texas  78767
Telephone: (512) 854-9415
TCAppellate@traviscountytx.gov

ATTORNEYS FOR THE STATE OF TEXAS

## CERTIFICATE OF COMPLIANCE

Relying on Corel WordPerfect's word-count function, I certify that this document complies with the word-count limitations of TEX. R. APP. P. 9.4. The document contains 519 words.

_____
Giselle Horton


## CERTIFICATE OF SERVICE

I certify that I have sent a complete and legible copy of this State's reply brief via electronic transmission, to Mr. Bissett's attorney of record, Ms. Linda Icenhauer-Ramirez, at ljir@aol.com or before October 4, 2016.

_____
Giselle Horton
Assistant Travis County Attorney