

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. PD-1234-11

**LAVERN A. PFEIFFER, Appellant**

**v.**

**THE STATE OF TEXAS**

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE SIXTH COURT OF APPEALS
### RED RIVER COUNTY

COCHRAN, J., delivered the opinion of the Court in which KELLER, P.J. and PRICE, WOMACK, JOHNSON, KEASLER, HERVEY and ALCALA, JJ., joined. MEYERS, J., filed a dissenting opinion.

### O P I N I O N

After the trial judge denied his motion to suppress methamphetamine found during a traffic stop, appellant pled guilty to its possession pursuant to a plea bargain. He then appealed the trial judge's suppression ruling. The court of appeals reversed, finding that the officer lacked reasonable suspicion to continue to detain appellant until a drug dog was

brought to the scene.[1]  The court also declined to address what it called a "cross-appeal" because the State failed to file its own notice of appeal.[2]  We granted the State's petition for review to resolve a split in the courts of appeals on whether the State must file a separate notice of appeal when the defendant appeals his conviction and the State wishes to appeal a ruling of law under Article 44.01(c) of the Texas Code of Criminal Procedure.[3]  We hold that the State need not file its own notice of appeal when it raises a cross-point concerning a ruling on a question of law under Article 44.01(c).[4]

**I.**

At the motion to suppress hearing, Trooper Kuhelengel testified that he stopped appellant because his "dooley" truck[5] did not have mud flaps.  The trooper noted that appellant seemed

---

[1] *Pfeiffer v. State*, No. 06-11-00001-CR, 2011 WL 1734065, at *1-4 (Tex. App.—Texarkana May 4, 2011) (not designated for publication).

[2] *Id.* at *4 n.1 ("In its brief, the State raises a cross-issue complaining that the trial court erred by excluding Kuhelengel's testimony regarding what Perkins told him and that the excluded testimony provided Kuhelengel with reasonable suspicion.  However, the State is required to file a notice of appeal in order to perfect a cross-appeal under Article 44.01 of the Texas Code of Criminal Procedure.").

[3] Specifically, we granted the following ground for review:
> This Court should resolve the conflict among the Courts of Appeals concerning whether the State must file a notice of appeal under 44.01(c) of the Texas Code of Criminal Procedure, and if the State must not file a notice of appeal, remand this cause to the Court of Appeals to address the merits of the State's cross-issue.

[4] Article 44.01(c) reads as follows:  "The state is entitled to appeal a ruling on a question of law if the defendant is convicted in the case and appeals the judgment."

[5] "A 'dooley' or 'dually' is a truck (or some of the [D]odge [S]printer and [F]reightliner vans) with a heavy duty rear end and 4 wheels on the rear axle alone.  Dually's are better for towing and can take a heavier load compared to regular rear ends."
http://wiki.answers.com/Q/What_is_a_dually_truck#ixzz1m6QEdP9X

nervous and did not give definitive answers to his questions. Trooper Kuhelengel checked appellant's license through dispatch and found no outstanding warrants. While waiting for that reply from dispatch, Trooper Kuhelengel received a phone call from Investigator Mark Perkins of Red River County. When the State began to offer evidence of what Investigator Perkins told him, defense counsel objected.

Q:    All right, and at some point in that time when you were doing that, were you contacted by someone else?

A:    I received a call very shortly after I submitted his name and date of birth, I believe it was, and I received a call from Investigator Mark Perkins of Red River County.

Q:    And what did Investigator Perkins advise you?

A:    Mr. Perkins advised me that . . .

[Defense Counsel]:  Object, Your Honor.  Hearsay.

Q:    Based on what Mr. Perkins advised you, did you have some concern?

[Defense Counsel]:  Object, Your Honor.  That's hearsay.  Back door into it.

Q:    Not for the truth.  As to what his actions are.

[Court]:  As to what action he took, the objection will be overruled as the exception.

After the trial judge overruled appellant's objection, Trooper Kuhelengel summarized the facts that raised his suspicions that appellant might have drugs in his truck: (1) appellant did not give "definite answers on the questions that I ask[ed]"; (2) appellant's hands shook visibly when he talked; (3) appellant's voice was "rattling with nervousness"; (4) "and of

course the information that I received by telephone."[6]  The trooper asked appellant if he could search his truck.  Appellant said, "No."  Trooper Kuhelengel then called the sheriff's office to see if a canine unit was available.  Deputy Hamrick and his dog arrived about ten minutes later.  The dog "hit" on the truck and began "serious barking, kind of a frenzy right there at the passenger side of that truck[.]"  Based on the dog's "hit," the officers began to search the truck.  Deputy Hamrick found a pill bottle that contained 7.13 grams of methamphetamine under the front floorboard.

After hearing the evidence, the trial court denied the motion to suppress.  Appellant then pled guilty to possession of methamphetamine and was sentenced to ten years' probation.

On appeal, the Texarkana Court of Appeals reversed the trial court's order and found that Trooper Kuhelengel "lacked reasonable suspicion to continue detaining Pfeiffer while waiting for a canine unit" because his "request for a canine unit was clearly unrelated to the reason for the stop and exceeded the scope of the initial traffic investigation."[7]  The court of appeals noted the call from Investigator Mark Perkins, who "'relayed the information' that

---

[6]  Trooper Kuhelengel videotaped the traffic stop, and the State played the tape during the suppression hearing.  The prosecutor stopped the tape when Trooper Kuhelengel was heard talking to Investigator Perkins on the phone and asked if "[t]his is when he relayed the information to you that gave you the reasonable suspicion that drugs may be in the vehicle?"  The defense again objected, but was overruled.

[7] *Pfeiffer*, 2011 WL 1734065 at *1, *3.

gave him (Kuhelengel) 'reasonable suspicion that drugs may be in [Pfeiffer's] vehicle.'"[8]

But it declined to address the State's cross-issue "complaining that the trial court erred by excluding Kuhelengel's testimony regarding what Perkins told him" since "the State is required to file a notice of appeal in order to perfect a cross-appeal under Article 44.01 of the Texas Code of Criminal Procedure."[9] Because the State failed to file a notice of appeal, the court found that it "lack[ed] jurisdiction to consider any cross-appeal raised by the State."[10]

## II.

We granted review to resolve a split in the courts of appeals concerning their jurisdiction to address the State's "cross-appeal" or "cross-issue." On one side, the Fourth and Fourteenth Courts of Appeals have held that the State is not required to file a notice of appeal when the defendant appeals his conviction and the State wishes to raise an issue on a ruling of law made by the trial court.[11] The Third, Fifth, and Ninth Courts of Appeals, however, have held that the State must file a notice of appeal, even under Article 44.01(c).[12]

---

[8] *Id.* at *4 n.1.

[9] *Id.*

[10] *Id.*

[11] *Mizell v. State*, 70 S.W.3d 156, 163 (Tex. App.—San Antonio 2001) (notice of appeal not required under Article 44.01(c) of the Texas Code of Criminal Procedure), *aff'd on other grounds,* 119 S.W.3d 804 (Tex. Crim. App. 2003); *McClinton v. State*, 38 S.W.3d 747, 750-51 (Tex. App.—Houston [14th Dist.] 2001), *pet. dism'd*, 121 S.W.3d 768 (Tex. Crim. App. 2003) (per curiam).

[12] *Ganesan v. State*, 45 S.W.3d 197, 203-04 (Tex. App.—Austin 2001, pet. ref'd) ("The State did not file a cross-appeal and the propriety of the district court's ruling is not before us," citing art. 44.01(c)); *Strong v. State*, 87 S.W.3d 206, 211–12 (Tex. App.—Dallas 2002, pet. ref'd) (same);

## A.    Jurisdiction of the Courts of Appeals

An appellate court's jurisdiction is invoked by the timely filing of a notice of appeal.[13] Proper notice of appeal vests the appellate courts of this State with a broad scope of review and revision over a criminal case.[14] "Once jurisdiction of an appellate court is invoked, exercise of its reviewing functions is limited only by its own discretion or a valid restrictive statute."[15] For example, appellate courts may review unassigned error—a claim that was preserved in the trial court but was not raised by either party on appeal.[16] In *Carter*, we stated, "There is a fundamental proposition pertaining to appellate functions of the Judicial Department: A constitutional grant of appellate jurisdiction treats a right of appeal in criminal cases 'as a remedy to revise the whole case upon the law and facts, as exhibited in the record[.]'"[17] Thus, when a defendant appeals his conviction, the courts of appeals have

---

*Malley v. State*, 9 S.W.3d 925, 927 (Tex. App.—Beaumont 2000, pet. ref'd ) (same).

[13] *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998) (per curiam); *Olivo v. State,* 918 S.W.2d 519, 522 (Tex. Crim. App. 1996); *see* TEX. R. APP. P. 25.2(b).

[14] *Carter v. State*, 656 S.W.2d 468, 469 (Tex. Crim. App. 1983) ("After jurisdiction attaches to a particular cause, a broad scope of review and revision has been asserted by appellate courts of this State—one that is still recognized, acknowledged and confirmed by the Legislature."); *see also Mizell v. State*, 119 S.W.3d 804, 807 (Tex. Crim. App. 2003) (quoting *Carter*).

[15] *Carter*, 656 S.W.2d at 469.

[16] *Id.* at 468. An appellate court raising on its own a novel point of error not briefed by the parties should first afford the parties an opportunity to brief the issue, although "[w]e recognize that many, if not most, of the types of error that would prompt *sua sponte* appellate attention need not be assigned because the error involved constitutes an obvious violation of established rules." *Pena v. State*, 191 S.W.3d 133, 136-38 (Tex. Crim. App. 2006).

[17] *Carter,* 656 S.W.2d at 468 (quoting *The Republic v. Smith,* Dallam 407 (Tex. 1841)).

the jurisdiction to address any error in that case. This was true before the State obtained a limited right to appeal in 1987, and it is true today.

More recently, in *Mizell v. State*,[18] we held that, because the defendant appealed his conviction and the appellate court therefore had jurisdiction over the case, the State was not required to file a notice of appeal before it could point out appellant's illegal sentence to the court of appeals.[19] The State could have independently filed a notice of appeal concerning the defendant's illegal sentence under Article 44.01(b) if the defendant did not himself appeal his conviction. But because the defendant did appeal his conviction, the entire case was subject to review, and the State could raise its claim of an illegal sentence without filing any notice of appeal.[20] In sum, a proper notice of appeal in a criminal case confers jurisdiction upon a court of appeals, and that court then has the authority to address any issue or claim pertinent to the judgment or order appealed from unless otherwise restricted by statute.

B.    **The State's Right to Appeal**

Until 1987, the State had no independent right to appeal from trial court rulings, either pre-trial or post-trial. In 1987, the State obtained a limited right to appeal certain trial-court orders and rulings when the Texas Legislature enacted Article 44.01 of the Texas Code of

---

[18] 119 S.W.3d 804 (Tex. Crim. App. 2003).

[19] *Id.* at 807.

[20] *Id.* at 806 ("There has never been anything in Texas law that prevented *any* court with jurisdiction over a criminal case from noticing and correcting an illegal sentence." ).

Criminal Procedure.[21]  The State's right to appeal was limited to the specific circumstances set forth in Article 44.01 and only as provided by the procedure set out in the statute.[22]

First, Article 44.01(a) enumerates the various types of "orders" that the State may appeal.  Appealable "orders" under paragraph (a) include various pre-trial orders and some post-trial orders.[23]  Second, Article 44.01(b) provides that the State may appeal an illegal sentence.[24]  Third, Article 44.01(c) allows the State to appeal a ruling on a question of law if the defendant is convicted and he appeals the judgment.  Under paragraph (c), the State has no independent right of appeal—only the defendant can put the ball into play by pursuing an appeal.  His notice of appeal confers jurisdiction upon the court of appeals to address any issue or claim pertinent to the judgment or order that the defendant is appealing.

---

[21] *See* Acts 1987, 70th Leg., R.S., ch. 382 §1.

[22] *Mizell*, 119 S.W.3d at 806-07; *State v. Muller*, 829 S.W.2d 805, 812 (Tex. Crim. App. 1992) (stating that article 44.01 sets out both the substantive limits of the State's right to appeal and the proper procedures for doing so).

[23] Specifically, Article 44.01(a) allows the State to appeal if the order:

> (1) dismisses an indictment, information, or complaint or any portion of an indictment, information, or complaint;
> (2) arrests or modifies a judgment;
> (3) grants a new trial;
> (4) sustains a claim of former jeopardy;
> (5) grants a motion to suppress evidence, a confession, or an admission, if jeopardy has not attached in the case and if the prosecuting attorney certifies to the trial court that the appeal is not taken for the purposes of delay and that the evidence, confession, or admission is of substantial importance in the case; or
> (6) is issued under Chapter 64.

[24] Article 44.01(b) provides, "The state is entitled to appeal a sentence in a case on the ground that the sentence is illegal."

For paragraphs (a) and (b), the State must file a notice of appeal no later than the twentieth day after the court enters an order, ruling, or sentence.[25] Furthermore, the State is entitled to a stay in the proceedings for appeals under paragraphs (a) and (b),[26] as well as expedited proceedings for those appeals.[27] However, no such requirements apply when the defendant appeals because he has already filed notice of appeal and has thus invoked the broad jurisdiction of an appellate court.[28] There is also no "stay" in the trial court proceedings or expedited appeal under paragraph (c) because, when the defendant appeals his conviction, the trial court proceedings have already been completed and the appeal will be accorded its normal priority.

Neither party in this case–and no prior decision by any court of appeals– has cited any legislative history from the 1987 enactment of the State's right to appeal bill that would suggest that the Texas Legislature *sub silentio* intended that the State be required to file a notice of appeal in the "cross-appeal" situation. Nor have the parties or any courts of appeals suggested precisely when the State should file such a notice because it has no independent right to appeal in this situation.

---

[25] TEX. CODE CRIM. PROC. art. 44.01(d).

[26] *Id*. art. 44.01(e).

[27] *Id.* art. 44.01(f).

[28] The State cannot, under Article 44.01(c), appeal any legal ruling that is not encompassed within the "judgment" that the defendant is appealing.

## C.    Purpose of Article 44.01(c)

Article 44.01(c) permits the State to "cross-appeal" a separate ruling of law—though not fact—by the trial judge when the defendant is convicted and appeals his judgment. A "cross-appeal" under 44.01(c) differs from the State's responsive arguments that relate directly to the defendant's appellate claims. Responsive issues or points simply rebut the defendant's claim and assert that the trial judge's order or judgment should be upheld. A "cross-appeal" asserts that, once the court of appeals has dealt with the defendant's claim of "X" error, it should, under some circumstances, also address a separate legal ruling by the trial judge—ruling "Y"—that the State claims is erroneous.

The State's right to cross-appeal is limited, however, as noted in our prior decision in *Armstrong v. State*.[29] An appellate court will not address the State's cross-appeal issue "if the State would not be able to implement a decision in its favor on that issue."[30] Thus, generally speaking, "[i]f the defendant is granted no relief and no retrial will therefore be held, the State will not be able to benefit from a favorable decision on its cross-points of error."[31]

---

[29] 805 S.W.2d 791, 793-94 (Tex. Crim. App. 1991) (holding that State could raise a "cross appeal" on the legal question of whether the defendant's prior conviction used for enhancement was "void" as the trial judge had ruled, but concluding that the State was not entitled to have that issue resolved because the defendant did not prevail on appeal; because the defendant's conviction was affirmed on appeal, double-jeopardy principles would preclude the State from retrying the defendant as an habitual criminal in the same case).

[30] GEORGE E. DIX & JOHN M. SCHMOLESKY, 43B TEXAS PRACTICE SERIES: CRIMINAL PRACTICE AND PROCEDURE § 56:121 at 438 (3d ed. 2011).

[31] *Id.*

Our decision in *Armstrong* sets forth a bright-line rule that appellate courts should not address the State's cross-points in such cases[32] because this Court and the courts of appeals "are without authority to render advisory opinions."[33]  But if the State is "likely to benefit from resolution of its cross-points in its favor," then the issues raised in the State's cross-points are "functionally in dispute" and a decision on them is neither advisory nor beyond the jurisdiction or authority of the appellate courts.[34]

Usually, courts of appeals may address the State's cross-appeal point only if the defendant prevails on appeal and the case will be remanded for further proceedings. However, in some circumstances, the State might obtain relief even when the defendant does not prevail.[35]  A cross-appeal concerning an illegal sentence, as in *Mizell*, is one example,[36]

---

[32] For example, appellate courts will not address a cross-appeal in which the State merely requests a directive as to language or reasoning of the lower court that does not impact the ultimate decision.  An appellate court should, however, address the State's cross-appeal if it is likely to benefit from the resolution of its issue even if the defendant does not obtain relief.

[33] *Armstrong*, 805 S.W.2d at 794.

[34]  DIX & SCHMOLESKY, *supra* note 30 at 439.

[35]  *See e.g., Moffatt v. State*, 930 S.W.2d 823 (Tex. App.—Corpus Christi 1996, no pet.) (rejecting defendant's sole issue on appeal and holding that the State could cross-appeal the trial court's erroneous legal ruling on a motion to elect, remanding for trial on remaining counts); *State v. Webb*, 980 S.W.2d 924, 927 (Tex. App.—Fort Worth 1998) (court of appeals addressed State's cross-appeal concerning trial judge's ruling on enhancement allegations because double jeopardy would not preclude State from seeking a more severe penalty on remand, but rejected cross-appeal on the merits), *aff'd on other grounds,* 12 S.W.3d 808 (Tex. Crim. App. 2000).

[36]  *Mizell v. State*, 119 S.W.3d 804, 805-07 (Tex. Crim. App. 2003).  The trial court's failure to order consecutive sentences when a statute requires the sentences to be served consecutively might be another.  *See, e.g., Bells v. State*, No. 06-10-00155-CR, 2011 WL 646938, *3-4 (Tex. App.—Texarkana Feb. 23, 2011, no pet.) (not designated for publication) (noting "a potential irregularity in the trial court's judgment" as it appeared that defendant's sentences were required

although the State could independently appeal an illegal sentence even if the defendant did not appeal his conviction.

**D.      Must the State file a notice of appeal before it may raise a cross-appeal issue in the defendant's appeal?**

Paragraph (d) of Article 44.01 explicitly requires the State to file a notice of appeal within 20 days after the trial court's order, ruling, or sentence if the State is appealing under either Article 44.01(a) or (b).  But there is no such statutory requirement when the State raises a cross-appeal under Article 44.01 (c).  We cannot assume that the Legislature was so inattentive that it simply "forgot" about paragraph (c) when it set out the procedures for the State to file a notice of appeal.  And there is no provision for when the State would be required to file such a notice when its right to raise a cross-appeal issue depends entirely upon the defendant timely filing a notice of appeal.  Of course the State could not raise cross-appeal issues until after the defendant had appealed because the State has no independent right to appeal under paragraph (c).

What would be the purpose of the State's filing of a notice of appeal after the defendant has already done so if the court of appeals already had jurisdiction over the case?  The courts of appeals have differed on the answer to this question.  The Fourth and Fourteenth Courts of Appeals have held that the State is not required to file a notice of appeal when raising a cross-point after the defendant has already appealed.  In *Mizell*, the Fourth

to be served consecutively, but because neither party raised the issue, court declined to address it).  Another example might be when the trial court improperly deletes a deadly weapon finding made by the jury.

Court of Appeals held that the State was not required to file a notice of appeal when appealing a ruling on a question of law under Article 44.01(c) because the notice-of-appeal provision in Article 44.01(d) is explicitly restricted to paragraphs (a) and (b).[37] The court further noted that Rule 25.2 of the Texas Rules of Appellate Procedure, unlike Rule 25.1, does not expressly state "who must file" a notice of appeal in a criminal case.[38]

Similarly, the Fourteenth Court of Appeals, in *McClinton v. State*,[39] noted that the State sought review of the trial court's reformation of the sentence after the defendant appealed his conviction.[40] That court addressed the merits of the State's issue, reasoning that, although "[u]nder the civil appellate rules, this court would not be authorized to grant the State relief because the State did not file a notice of appeal. . . . The criminal analog has no such provision."[41] Because there was no statutory requirement that the State file a notice of appeal when the defendant had already invoked the jurisdiction of the appellate court, the court did not judicially create such a requirement.

---

[37] *Mizell v. State*, 70 S.W.3d 156, 163 (Tex. App.–San Antonio 2001) ("While article 44.01(d) and Rule 26.2(b) set forth the time in which the State must file a notice of appeal when it is the appellant, neither article 44.01 nor the Rules of Appellate Procedure regarding criminal appeals requires the State to file a written notice of appeal 'to appeal a ruling on a question of law [when] the defendant is convicted in the case and appeals the judgment.'"), *aff'd on other grounds*, 119 S.W.3d 804 (Tex. Crim. App. 2003).

[38] *Id.*

[39] 38 S.W.3d 747 (Tex. App.–Houston [14th Dist.] 2001), *pet. dism'd*, 121 S.W.3d 768 (Tex. Crim. App. 2003) (per curiam).

[40] *Id.* at 750.

[41] *Id*. at 750-51.

Conversely, the Third, Fifth, and Ninth Courts of Appeals have held that the State must file a notice of appeal to raise a "cross-appeal" under Article 44.01(c). The Third Court of Appeals, in *Ganesan v. State*,[42] declined to consider excluded testimony offered by the State after the defendant appealed his conviction because the State did not file a notice of appeal.[43] In *Strong v. State*,[44] the Fifth Court of Appeals looked to Appellate Rule 25.2(a),[45] and held that "[n]o language in either article 44.01 or the appellate rules exempts the State from the notice of appeal requirement under of rule 25.2(a) when it is appealing under article 44.01(c)."[46] Therefore, it reasoned, the Texas Legislature's "failure to impose a time limit in which an appeal must be filed under article 44.01(c) does not support a presumption that no notice of appeal is required at all."[47] In *Malley v. State*,[48] the Beaumont Court of Appeals simply asserted that the State did not file a notice of appeal "as it must in order to perfect an appeal."[49]   None of these cases addressed the fact that the court of appeals already had jurisdiction over the entire case because the defendant had been convicted and had appealed

---

[42] 45 S.W.3d 197 (Tex. App.–Austin 2001, pet. ref'd).

[43] *Id.* at 203-04.

[44] 87 S.W.3d 206 (Tex. App.–Dallas 2002, pet. ref'd).

[45] TEX. R. APP. P. 25.2(a) states, in relevant part, "[i]n a criminal case, appeal is perfected by timely filing a notice of appeal."

[46] *Strong*, 87 S.W.3d at 212-13.

[47] *Id.*

[48] 9 S.W.3d 925 (Tex. App.–Beaumont 2000, pet. ref'd).

[49] *Id.* at 927.

the judgment.

As Professors Dix and Schmolesky have noted, the Texas Rules of Appellate Procedure themselves suggest that the State's cross-appeal is not subject to the requirement of perfection by notice of appeal.[50]  Rule of Appellate Procedure 26.2 "purports—without qualification—to require the filing of a notice of appeal by the State now within 20 days of the action to be appealed, although the statutory 20-day limit on State appeals is carefully phrased so as not to apply to cross-appeals."[51]  Professors Dix and Schmolesky offer an illustrative hypothetical to explain why the State should not be required to file a notice of appeal to raise a "cross-appeal" issue when the defendant has been convicted and appeals: A convicted defendant does not have to give notice of appeal until 30 days after conviction.[52] Rule 26.2, therefore, "could not be fairly applied to the State in [a] cross-appeal situation; this would permit a defendant to frustrate the State's ability [to] cross-appeal by delaying the defendant's notice of appeal until after the time for filing notice of cross-appeal had expired."[53]

In civil cases, under Rule 25.1(c) of the Texas Rules of Appellate Procedure, any party "who seeks to alter the trial court's judgment or other appealable order must file a notice of

---

[50]  DIX & SCHMOLESKY, *supra* note 30, § 55:36 at 99.

[51] *Id.* (footnotes omitted).

[52]  TEX. R. APP. P. 26.2(a)(1).  If the defendant files a motion for new trial, he may file his notice of appeal within 90 days after sentencing.  TEX. R. APP. P. 26.2(a)(2).

[53]  DIX & SCHMOLESKY, *supra* note 30, § 55.36 at 99.

appeal" and may do so within 14 days after the opposing party files notice of appeal.  There is, however, no counterpart to Rule 25.1(c) for criminal cases.  And there is no reference in either Article 44.01 or Rule 25.2 to this civil rule.  The State does not seek to alter the judgment of conviction or appealable order when the defendant is convicted and appeals,[54] so that provision would not be applicable, even by implication, to "cross-appeals" by the State.   Usually a "cross-appeal" under Article 44.01(c) seeks contingent relief, not independent relief.  In those instances, the State's position is this:  Affirm the trial court's judgment, but if you are going to reverse the trial court's judgment, then (and only then) you should address this separate legal ruling because it will arise again when the case returns to the trial court.  There will generally be no need to address the State's "cross-appeal" if the defendant loses his appeal.[55]  Instead, the appellate court should simply say that it does not need to reach the issue because the State could not implement any ruling in its favor, and the courts of appeals do not render advisory opinions on a moot point.

In sum, we conclude that the State is not required to file a notice of appeal when it raises a "cross-appeal" under Article 44.01(c) because

    (1)    there is no statutory provision for filing a notice of appeal for "cross-appeals" under Article 44.01(c);

---

[54] The State might, however, raise an issue concerning the propriety of the sentence or of other collateral orders, but the court of appeals has always had the authority to address these matters under its broad scope of review when it has jurisdiction over a defendant's appeal. *See Carter v. State*, 656 S.W.2d 468, 469-70 (Tex. Crim. App. 1983).

[55] See, however, the text accompanying note 32 *supra* for a discussion of when appellate courts should address the State's cross-appeal even when the defendant does not obtain relief.

(2)    there is no legislative history cited by any court or party suggesting that the Legislature, in implementing the State's right to appeal in 1987, intended for the State to file a notice of appeal for these "cross-appeals";

(3)    a court of appeals already has broad jurisdiction over the entire case by virtue of the convicted defendant's notice of appeal;

(4)    there is no persuasive rationale for requiring such notice of appeal when the State's right to have the court of appeals address its issue on a trial court's ruling of law is contingent upon the defendant obtaining relief from his conviction; and

(5)    there is no statutory provision that provides an appropriate time for the State to file a notice of appeal under Article 44.01(c). The State cannot file a notice of appeal within the 20 day limit specified for State-initiated appeals under Article 44.01(a) & (b) because it has no independent right to appeal under paragraph (c), and the defendant has 30 days in which to file his notice of appeal. Tex. R. App. P. 25.1 applies only to civil cases, and, in any event, it would not apply to a "cross-appeal" by the State because the State is not seeking to alter the judgment or other appealable order.

Thus, once a convicted defendant files a timely notice of appeal, the appellate courts have jurisdiction to address any pertinent "cross-appeal" or "rebuttal" issues raised by the State. Procedurally, "cross-appeals" and "rebuttal" issues are treated in the same manner.

**III.**

In the present case, the court of appeals did not address the State's response to appellant's claim that Trooper Kuhelengel lacked reasonable suspicion to detain appellant until the canine unit arrived. The purported "cross-appeal" was merely part of the State's argument on direct appeal as to why the court of appeals should have considered Trooper Kuhelengel's testimony regarding his call from Investigator Perkins. After its short discussion concerning the admissibility of hearsay to establish reasonable suspicion or

probable cause, the State concluded, "This court should so hold, if remanding."[56] The court of appeals erroneously held that it did not have jurisdiction to consider the State's argument.[57]

We therefore reverse the court of appeals and remand the case to that court for further proceedings not inconsistent with this opinion.

Delivered: April 18, 2012
Publish

---

[56] State's Brief on Direct Appeal at 25.

[57] *Pfeiffer*, 2011 WL 1734065 at *4 n.1 ("Here, the State failed to file a notice of appeal; therefore, we lack jurisdiction to consider any cross-appeal raised by the State").