

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-11-00001-CR
_____

LAVERN A. PFEIFFER, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 102nd Judicial District Court
Red River County, Texas
Trial Court No. CR01133

Before Morriss, C.J., Carter and Moseley, JJ.
Opinion by Justice Moseley

O P I N I O N

Lavern A. Pfeiffer filed a motion to suppress the evidence of methamphetamine and drug paraphernalia seized after a traffic stop. After the trial judge denied his motion, Pfeiffer entered into a negotiated plea of guilty to possession of the methamphetamine and then appealed his conviction, complaining of the ruling of the trial judge in the suppression hearing.[1] This Court reversed the judgment of the trial court, finding that the officer conducting the traffic stop lacked reasonable suspicion to continue Pfeiffer's detention until a drug dog (which, when summoned, alerted to drugs within the vehicle) was brought to the scene. *Pfeiffer*, 2011 WL 1734065, at *1–4. In that opinion, we declined to address what we called the State's "cross-appeal"[2] because the State failed to file its own notice of appeal. *Id.* at *4 n.1.

The Texas Court of Criminal Appeals granted the State's petition for review to resolve a split among the courts of appeals regarding whether the State must file a separate notice of appeal when the defendant appeals his conviction and the State wishes to appeal a ruling of law under Article 44.01(c) of the Texas Code of Criminal Procedure.[3] *Pfeiffer v. State*, 363 S.W.3d 594 (Tex. Crim. App. 2012). Holding that the State need not file its own notice of appeal when it

---

[1]The factual and procedural background are fully discussed in our opinion in *Pfeiffer v. State*, No. 06-11-00001-CR, 2011 WL 1734065 (Tex. App.—Texarkana May 4, 2011) (mem. op., not designated for publication), *rev'd & remanded*, 363 S.W.3d 594 (Tex. Crim. App. 2012).

[2]The State's cross-point involved a question as to whether the trial court reversibly erred because it applied the Texas Rules of Evidence during a suppression hearing.

[3]The Texas Court of Criminal Appeals granted discretionary review, finding that "[t]his Court should resolve the conflict among the Courts of Appeals concerning whether the State must file a notice of appeal under 44.01(c) of the Texas Code of Criminal Procedure, and if the State must not file a notice of appeal, remand this cause to the Court of Appeals to address the merits of the State's cross-issue." *Pfeiffer v. State*, 363 S.W.3d 594, 597 n.3 (Tex. Crim. App. 2012).

raises a cross-appeal concerning a ruling on a question of law under Article 44.01(c),[4] the court reversed our decision in *Pfeiffer*, No. 06-11-00001-CR, and remanded the case for consideration of the State's cross-point.[5]

At the hearing on the motion to suppress the evidence, Officer Matthew Kuhelengel testified that he stopped Pfeiffer because Pfeiffer's truck was not equipped with mud flaps (which are required on that kind of truck). The trooper noted that Pfeiffer seemed nervous and did not give definitive answers to his questions. Kuhelengel checked Pfeiffer's license through dispatch and found no outstanding warrants. However, while awaiting a reply from dispatch about the inquiry, Kuhelengel received a telephone call from Investigator Mark Perkins of Red River County. When the State began to offer evidence of what Perkins told Kuhelengel, defense counsel objected. The following exchange occurred:

> Q     All right, and at some point in that time when you were doing that, were you contacted by someone else?
>
> A     I received a call very shortly after I submitted his name and date of birth, I believe it was, and I received a call from Investigator Mark Perkins of Red River County.
>
> Q     And what did Investigator Perkins advise you?
>
> A     Mr. Perkins advised me that . . .

---

[4] Article 44.01(c) reads as follows: "The state is entitled to appeal a ruling on a question of law if the defendant is convicted in the case and appeals the judgment." TEX. CODE CRIM. PROC. ANN. art. 44.01(c) (West Supp. 2011).

[5] Finding the State's argument to be a "cross-point" and not a "cross-appeal" (as we had characterized it), the Texas Court of Criminal Appeals held that the State's "purported 'cross-appeal' was merely part of the State's argument on direct appeal as to why the court of appeals should have considered Trooper Kuhelengel's testimony regarding his call from Investigator Perkins." *Pfeiffer*, 363 S.W.3d at 605. In so ruling, the court relied in part, in what seems a bit incongruous, upon Article 44.01 of the Texas Code of Criminal Procedure, which governs the State's ability to file an appeal or cross-appeal. *See id.* at 604–05.

[Defense Counsel]:  Object, Your Honor.  Hearsay.

Q      Based on what Mr. Perkins advised you, did you have some concern?

[Defense Counsel]:  Object, Your Honor.  That's hearsay.  Back door into it.

Q      Not for the truth.  As to what his actions are.

[Court]:  As to what action he took, the objection will be overruled as the exception.

Kuhelengel had made a video recording of the traffic stop, and the State played the recording during the suppression hearing.  The State stopped playing the recording when Kuhelengel was heard talking to Perkins on the telephone and asked if "[t]his is when he relayed the information to you that gave you the reasonable suspicion that drugs may be in the vehicle?" The defense again objected,[6] but was overruled.

In its cross-point, the State contends that the trial court "reversibly erred in applying the Texas Rules of Evidence during the suppression hearing, and harm resulted."  Specifically, the State argues that the trial court should have admitted, over Pfeiffer's hearsay objection, Kuhelengel's testimony regarding the contents of the telephone call with Perkins.

With the exception of privileges, the Texas Rules of Evidence do not apply to suppression hearings because they involve only the determination of preliminary questions. *Graves v. State*, 307 S.W.3d 483, 489 (Tex. App.—Texarkana 2010, pet. ref'd) (citing *Granados v. State*, 85 S.W.3d 217 227 (Tex. Crim. App. 2002)) (what victim's family told officer during

---

[6]Pfeiffer objected on the grounds that the question was leading and that it called for a legal conclusion.

4

telephone call was admissible even though double hearsay). Hearsay is admissible at a suppression hearing to demonstrate the existence of reasonable suspicion and/or probable cause. *Granados*, 85 S.W.3d at 226–27; *see also Campbell v. State*, 910 S.W.2d 475, 480 (Tex. Crim. App. 1995).

Here, the record does not support the State's contention that the trial court limited Kuhelengel's testimony regarding the content of the telephone call. When the State asked Kuhelengel what Perkins had told him in the telephone call, Pfeiffer objected. The trial court, although apparently applying a rule of evidence as the rationale for its ruling, overruled Pfeiffer's objection. In its ruling, the trial court did not limit Kuhelengel's testimony, exclude the contents of the telephone call, or otherwise sustain any portion of Pfeiffer's objection.[7] In other words, although the State did not receive an adverse ruling, it did not pursue its line of questioning further in order to reveal the content of the call (which may or may not have provided Kuhelengel with cause to detain Pfeiffer further). The content of that call remains a mystery.

The facts and circumstances presented to the trial court do not demonstrate that Kuhelengel possessed sufficient reasonable suspicion to have detained Pfeiffer for the period of time necessary to bring the drug dog to the site of the traffic stop.

---

[7]It is the failure to limit or exclude admissible evidence that distinguishes this case from the rulings and arguments of *Granados* and similar cases.

Accordingly, we reverse the trial court's order denying the motion to suppress and remand the case to the trial court for further proceedings.

Bailey C. Moseley
Justice

Date Submitted: July 5, 2012
Date Decided: July 6, 2012

Publish