**Opinion filed August 8, 2013**



### In The

# Eleventh Court of Appeals

_____

## No. 11-13-00130-CR
_____

### TORY LEVON KIRK, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the Criminal District Court No. 5**

**Dallas County, Texas**

**Trial Court Cause No. F-0962440-L**

### MEMORANDUM OPINION
### ON MOTION FOR REHEARING

On July 11, 2013, this court granted the motion to dismiss for lack of jurisdiction that was filed by Tory Levon Kirk, and we dismissed this appeal for want of jurisdiction. The State has filed a combination motion for rehearing and State's brief in which the State (1) contends that this court erred in dismissing the appeal for want of jurisdiction and (2) attempts to assert for the first time its right to cross-appeal under TEX. CODE CRIM. PROC. ANN. art. 44.01(c) (West Supp.

2012).  We write to address the jurisdiction of this court over the State's cross-appeal.

In its motion/brief, the State asserts in a cross-issue that it "now challenges the validity of the May 17 order granting a new trial on punishment and asks this Court to reverse that order."  The State did not file a notice of appeal from the May 17 order granting a new trial.  *See id.* § 44.01(a)(3), (d) (authorizing the State to appeal an order that "grants a new trial" if the prosecuting attorney timely files a notice of appeal within twenty days of the order).  Thus, any right to appeal that the State may have is limited to Article 44.01(c), which provides that the State "is entitled to appeal a ruling on a question of law if the defendant is convicted in the case and appeals the judgment." When a defendant has invoked this court's jurisdiction and the State raises a cross-point concerning a question of law, as provided for in Article 44.01(c), the State is not required to file its own notice of appeal.  *Pfeiffer v. State*, 363 S.W.3d 594, 597 (Tex. Crim. App. 2012); *see Mizell v. State*, 119 S.W.3d 804, 806–07 (Tex. Crim. App. 2003).

However, because the State did not file a notice of appeal as provided for in Article 44.01(a)(3) and (d) and because, as addressed in our original opinion, this court lost jurisdiction over the defendant's appeal when the trial court granted the new trial on punishment and restored the case to the position it was in after the defendant was found guilty, we are of the opinion that we have no jurisdiction over the State's attempted cross-appeal under Article 44.01(c).  Without jurisdiction, we have no authority to address the State's challenge to the May 17 order granting a new trial on punishment.  *See State v. Bates*, 889 S.W.2d 306, 311 (Tex. Crim. App. 1994).

We dismiss the State's cross-issue for want of jurisdiction, and we deny the State's motion for rehearing.

PER CURIAM

August 8, 2013

Do not publish.  *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Willson, J.