COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER REQUESTING BRIEFING

Appellate case name:       Javia Sinquize Johnson v. The State of Texas

Appellate case number:    01-14-00185-CR

Trial court case number:  12-CR-1447

Trial court:                      56th District Court of Galveston County

Appellant, Javia Sinquize Johnson, was charged by indictment with intentional injury to a child for injuries sustained by her daughter, C.N. *See* TEX. PENAL CODE ANN. § 22.04(a)(1), (e) (Vernon Supp. 2014). Appellant pleaded not guilty. The jury found her guilty of the lesser-included offense of criminal negligence injury to a child. *See id.* § 22.04(a)(1), (g). The jury assessed punishment at two years' confinement. Appellant has filed a brief raising the following issues: the trial court abused its discretion by allowing the State (1) to impeach a witness with a portion of a prior recorded statement and (2) to question a witness about an alleged prior extraneous offense by Appellant without proper notice. The State filed a responding brief.

This Court has determined the following from the record:

- The contents of the conversation between Appellant's son, J.J., and C. McCarty (wherein J.J. describes seeing Appellant causing C.N.'s injuries) was admitted into evidence by J.J.'s examination and by video;

- The State sought to introduce the contents of this conversation only for impeachment purposes;

- While Appellant's trial counsel objected to the introduction of the evidence, the attorney did not seek a limiting instruction regarding this evidence upon its admission;

- No other evidence in the record links the injuries sustained by C.N. to any actions taken by Appellant; and

- An ineffective-assistance-of-counsel claim has not been raised in a motion for new trial or on appeal.

This Court has determined the following law to be relevant:

- "It is well established that even properly admitted impeaching testimony cannot be used as primary evidence." *Wall v. State*, 417 S.W.2d 59, 62 (Tex. Crim. App. 1967); *accord Arrick v. State*, 107 S.W.3d 710, 722 (Tex. App.—Austin 2003, pet. ref'd) ("In the absence of an applicable hearsay exception, a witness's prior inconsistent statement may be used to impeach the witness's credibility but may not be used as primary evidence of guilt.");

- "Once evidence is admitted without a proper limiting instruction, it becomes part of the general evidence in the case and may be considered for all purposes." *Arana v. State*, 1 S.W.3d 824, 829 (Tex. App.—Houston [14th Dist.] 1999, pet. ref'd); *accord* TEX. R. EVID. 105(a) (providing that evidence that is admissible in limited scope cannot be ground for complaint on appeal if limiting instruction is not requested);

- In the guilt-innocence phase of the trial, the State bears the burden of proving each element of the charged offense beyond a reasonable doubt. *See In re Winship*, 397 U.S. 358, 364, 90 S. Ct. 1068, 1073 (1970) (holding Due Process Clause of United States Constitution protects accused against conviction except upon proof beyond reasonable doubt of every fact necessary to constitute crime with which he is charged);

- To have a conviction reversed based on an ineffective-assistance-of-counsel claim, the record must establish that (1) counsel's representation fell below an objective standard of reasonableness and (2) the deficient performance prejudiced the appellant. *Andrews v. State*, 159 S.W.3d 98, 101 (Tex. Crim. App. 2005) (citing *Strickland v. Washington*, 466 U.S. 668, 687–88, 694, 104 S. Ct. 2052, 2064, 2068 (1984));

- "[T]he record on direct appeal is in almost all cases inadequate to show that counsel's conduct fell below an objectively reasonable standard of performance . . . ." *Id.* at 102;

- "But, when no reasonable trial strategy could justify the trial counsel's conduct, counsel's performance falls below an objective standard of reasonableness as a matter of law, regardless of whether the record adequately reflects the trial counsel's subjective reasons for acting as she did." *Id.* (citing *Strickland*, 466 U.S. at 690, 104 S. Ct. at 2052);

- Unless restricted by statute, courts of appeals in criminal cases have jurisdiction to consider any error in a case and may review unassigned error. *Pfeiffer v. State*, 363 S.W.3d 594, 599 (Tex. Crim. App. 2012); and

- Before reviewing unassigned error, courts of appeals usually "should first afford the parties an opportunity to brief the issue." *Id.* at 599 n.16.

Accordingly, this Court requests briefing on the issue of whether Appellant's trial counsel committed ineffective assistance of counsel by failing to request a limiting instruction on the contents of the conversation between J.J. and McCarty. In their briefs, the parties may address any or all of the following:

- Whether any other evidence in the record would support or defeat an ineffective-assistance-of-counsel claim;

- Whether the record establishes as a matter of law that no reasonable trial strategy could justify the trial counsel's conduct;

- Whether Appellant has been prejudiced by his trial counsel's failure to request a limiting instruction; and

- Whether any other applicable law defeats an ineffective-assistance-of-counsel claim or otherwise prevents its consideration on direct appeal.

The parties may also address any other matter that concerns the issues of ineffective assistance of counsel or this Court's consideration of unassigned error. No other issues may be raised, and briefing of matters not requested will be struck.

Any briefing on the issue must be filed on or before **two weeks** from the date of this order. The briefs filed, if any, may not be longer than 15 pages without leave of court. If any party wants to respond to a brief filed by the other party, any such response must be filed on or before **three weeks** from the date of this order and may not be longer than 5 pages without leave of court. If both parties intend to file a brief or reply brief pursuant to this order, the parties are encouraged to jointly request any necessary continuances on deadlines set by this order.

All rules of appellate procedure apply to the briefs filed pursuant to this order, including the rules on what portions of a brief count towards the page limits, except that these briefs will not count against the aggregate page or word limits placed upon the parties. *See* TEX. R. APP. P. 9.4 (identifying which portions of briefs count towards page and word limits and limiting parties in civil case to aggregate 90-page limit or 27,000 word limit on their briefs).

This case shall remain on the court's submission docket.

It is so ORDERED.


Judge's signature: /s/ Laura C. Higley_____
                        Acting individually


Date: January 29, 2015_____