In The

## *Court of Appeals*

## *Ninth District of Texas at Beaumont*

_____

**NO. 09-19-00219-CR**
**NO. 09-19-00220-CR**

_____

**JAMES COVARRUBIA, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 252nd District Court**
**Jefferson County, Texas**
**Trial Cause Nos. 10-09032, 10-09733**

## MEMORANDUM OPINION

After the Court of Criminal Appeals gave James Covarrubia permission to file out-of-time appeals, he filed appeals from two judgments, trial court cause numbers 10-09032 and 10-09733, he had received permission to appeal.[1] In cause number 10-09032, the judgment reflects the trial court found Covarrubia guilty of aggravated

---

[1]*See Ex parte Covarrubia*, Nos. WR-89,642-01, WR-89,642-02, 2019 Tex. Crim. App. Unpub. LEXIS 361 (Tex. Crim. App. June 26, 2019).

1

assault. In cause number 10-09733, the judgment shows the trial court found Covarrubia guilty of engaging in organized criminal activity.[2] In the briefs Covarrubia filed to support his appeals, he argues the judgments are illegal because the trial court acted without authority by first placing him on shock probation and then, after revoking his probation, ordering his sentences executed. In a second issue in which he challenges the lengths of the sentences, Covarrubia argues (1) the trial court was not authorized to assess sentences exceeding ten years after the trial court ordered him placed on shock probation, and (2) the stacking order relevant to the judgment in cause number 10-09733 (engaging in organized criminal activity) is void because the trial court lacked the authority to stack his sentences.

For the reasons explained below, we conclude the arguments Covarrubia raised in the briefs lack merit.

Background

In May 2010, in cause number 10-09032, a Jefferson County grand jury indicted Covarrubia for aggravated assault.[3] Two months later, another grand jury indicted Covarrubia in cause number 10-09733 for engaging in organized criminal

---

[2]*See* Tex. Penal Code Ann. §§ 22.02 (Aggravated Assault), 71.02 (Engaging in Organized Criminal Activity).
[3]*Id*. § 22.02 (Aggravated Assault).

2

activity.[4] In a hearing that occurred on both cases in January 2011, Covarrubia pleaded guilty to both the charges that resulted in the judgments under plea agreements that he reached with the State. In carrying out the terms of those agreements, the trial court ordered Covarrubia's cases deferred finding him guilty and instead chose to place him on deferred adjudication, community supervision.

In April 2011, the State moved to revoke the trial court's deferred-adjudication, community-supervision orders. In its motion, the State alleged that Covarrubia violated the requirements of the orders. The trial court conducted a hearing on the motions to revoke in May. The reporter's record from the May hearing reflects the trial court found that Covarrubia violated the requirements of the court's community-supervision orders. Then, the trial court pronounced separate findings of guilt and then sentenced Covarrubia, in each case, to serve a twenty-year sentence. The reporter's record from the May 2011 sentencing hearing reflects the trial court stacked the sentence in cause number 10-09733 on top of the sentence it gave Covarrubia in cause number 10-09032.[5] But when the trial court signed the written judgment—meaning the judgment the court signed in May 2011 in cause number

---

[4]*Id*. § 71.02 (Engaging in Organized Criminal Activity).

[5]Near the end of the sentencing hearing and after pronouncing a sentence in both cases, the trial court pronounced: "Cause No. [10-0]9733 will run consecutive to Cause No. [10-0]9032."

10-09733—the trial court failed to include a written cumulation order with the written judgment.

Less than a mother later, Covarrubia asked the trial court to set aside the judgments in both cases, that is the judgment the trial court signed in May 2011. The trial court conducted a hearing on the motions to reconsider within thirty days of the day it found Covarrubia guilty in both cases. During the June 2011 hearing on Covarrubia's motions to reconsider, Covarrubia asked the trial court to allow him another chance to live up to the requirements of the trial court's community-supervision orders, the orders the trial court found he violated in the hearing the court conducted in his cases in May. At the conclusion of the June 2011 hearing, the trial court announced: "I will reinstate your unadjudicated probation in Cause No. 9032 and Cause No. 9733."[6] That said, the trial court then failed to follow up on the statements it made during the June 2011 hearing about returning Covarrubia to community supervision by signing written orders memorializing what occurred in the June 2011 hearing.

---

[6]Covarrubia perfected appeals from the trial court's May 2011 judgments. *See Covarubbia (sic) v. State*, Nos. 13-11-00435-CR, 13-11-00436-CR, 2011 Tex. App. LEXIS 6926 (Corpus Christi—Aug. 24, 2011, no pet.). But Covarrubia subsequently asked the Corpus Christi Court of Appeals to dismiss his appeals. We note the Corpus Christi Court considered Covarrubia's appeals from the May 2011 judgments pursuant to a docket-equalization order issued by the Texas Supreme Court. The Corpus Christi Court of Appeals granted the motions to dismiss, which disposed of the appeals Covarrubia filed from the judgments in his two cases in 2011.

Yet the record before us reflects that both the State and Covarrubia relied on the trial court's oral rulings, as both then began operating under a mistaken belief that no written orders were needed on Covarrubia's motions to reconsider. In February 2012, the record shows the State (once again) moved to revoke the decision the trial court made in June 2011 to return Covarrubia to community supervision. In March 2012, the trial court conducted a hearing on the State's motions to revoke. In the March 2012 hearing, after the trial court found Covarrubia guilty in each case, the trial court assessed separate twenty-year sentences based on Covarrubia's pleas of guilt in each case. When the trial court sentenced Covarrubia in cause number 10-09733, the trial court advised Covarrubia he would begin serving his sentence in cause number 10-09733 after completing his sentence in cause number 10-09032.

In September 2018, Covarrubia filed writ of habeas corpuses challenging the judgments in both cases. In his application for the writs, Covarrubia claimed the trial court assessed illegal sentences. In July 2019, the Court of Criminal Appeals gave Covarrubia the right to file out-of-time appeals to appeal the judgments in trial court causes 10-09032 and 10-09733.[7] After the Court of Criminal Appeals issued its opinion allowing Covarrubia to file out-of-time appeals, he filed notices of appeal and briefs complaining about the legality of the judgments of conviction the trial court signed in trial court causes 10-09032 and 10-09733.

---

[7]*See Ex parte Covarrubia*, 2019 Tex. Crim. App. Unpub. LEXIS 361.

Analysis

*Are the May 2011 or the March 2012 Judgments the Trial Court
Signed Relevant to Covarrubia's Appeals?*

Covarrubia filed briefs in which he argues the judgments the trial court signed in March 2012 should be overturned based on his claim that before he began serving his sentence the trial placed him on shock probation. So he treats the March 2012 judgments as the final judgments relevant to his appeals. But he is mistaken about whether the March 2012 judgments are the final judgments that are relevant to his appeals. Covarrubia's arguments fail to recognize that under Texas law, motions for rehearing may be granted only by written order.[8] Rule 21.8(b) of the Texas Rules of Appellate Procedure is crystal clear on this subject, as it provides: "The granting of a motion for new trial must be accomplished by written order. A docket entry does not constitute a written order."[9] And trial courts have only a limited period of time—seventy-five days after the party's filing of a motion for new trial—in which they may sign a written order setting aside the court's earlier judgment, otherwise the judgment by operation of law becomes final.[10]

---

[8]*State v. Davis*, 349 S.W.3d 535, 538 (Tex. Crim. App. 2011) (holding the defendant's motion for reconsideration was the functional equivalent of a motion for new trial).

[9]Tex. R. App. P. 21.8(b).

[10]*Id*. 21.8(a).

In the present case, we note the clerk's record reflects the docket sheets contain entries that reflect the trial court intended to grant Covarrubia's motions to reconsider. But it is well-settled that docket entries cannot substitute for a written order under the requirements set out in Rule 21.8. Moreover, a motion for rehearing, according to the Court of Criminal Appeals, is the functional equivalent of a motion for new trial.[11] For these reasons, we cannot overlook Covarrubia's failure to obtain a written order on his motions to reconsider.

We conclude the record contains no written order granting Covarrubia's motion to reconsider. Consequently, his motions to reconsider were overruled by operation of law seventy-five days after the trial court orally pronounced his sentences during the May 2011 hearing.[12] That means the judgments the trial court signed in March 2012 are void, while the May 2011 judgments are judgments that we must treat as the judgments from which he has appealed.[13]

*May We Reach the Issues Covarrubia Raises in His Briefs?*

While Covarrubia's briefs reflect he is mistaken about what judgments he intended to appeal, the record shows he received permission from the Court of

---

[11]*State v. Garza*, 931 S.W.2d 560, 561-62 (Tex. Crim. App. 1996); *State v. Rinehart*, 971 S.W.2d 542, 544-45 (Tex. App.—Dallas 1997, no pet.).

[12]Tex. R. App. P. 21.8(c).

[13]*See Garza*, 931 S.W.2d at 562 (noting that in *Cobb v. Godfrey*, 739 S.W.2d 47, 49 (Tex. Crim. App. 1987), the Court held "that once a motion for new trial is overruled by operation of law, the trial court loses jurisdiction to rule upon it").

7

Criminal Appeals to file out-of-time appeals in an opinion that does not identify the specific judgments that Court was referring to when it gave him permission to appeal.[14] Yet we must assume the Court of Criminal Appeals intended to allow Covarrubia to appeal from the final judgments that were relevant to his two cases even though it did not identify the specific judgments from which it was giving him permission to appeal. Stated another way, it seems unlikely to us that the Court of Criminal Appeals would give Covarrubia permission to appeal from the March 2012 judgments when both are void. Additionally, even in the Court of Criminal Appeals, Covarrubia's complaints addressed the authority of the trial court to assess and stack his twenty-year sentences. Because Covarrubia could have made the same arguments about the validity of the May 2011 judgments had he recognized those as the final judgments relevant to his appeals, we address his arguments because it appears to us that he would have made the same arguments had he realized which of the judgments were relevant to his appeals.

*The Conviction for Aggravated Assault*

In the brief Covarrubia filed complaining about the judgment in trial court cause number 10-09032 for aggravated assault, he argues the trial court placed him on shock probation before he began serving his sentence. Relying on that premise,

---

[14]*Ex parte Covarrubia*, 2019 Tex. Crim. App. Unpub. LEXIS 361.

8

Covarrubia concludes the trial court, after placing him on shock probation in June 2011, could not on a later date require that he serve anything more than ten-years in prison on each of his convictions.

Covarrubia's arguments, however, rely on a mistaken premise. Nothing in the record supports Covarrubia's claim that the trial court, during the June 2011 hearing, placed Covarrubia on shock probation. The trial court never mentioned the words "shock probation" in that hearing. Instead, the reporter's record shows that during the June 2011 hearing the trial court stated that it would allow Covarrubia another opportunity to complete the requirements imposed on him under the orders the trial court signed when it originally decided to place Covarrubia on deferred adjudication, community supervision. Because Covarrubia's argument the trial court placed him on shock probation has no support in the record, it is overruled.

*The Conviction for Engaging in Organized*
*Criminal Activity*

The brief Covarrubia filed to challenge the twenty-year sentence the trial court gave him in trial court cause number 10-09733 (engaging in organized criminal activity) also claims the judgment assesses an illegal twenty-year sentence. According to Covarrubia, after the trial court put him on shock probation during the June 2011 hearing, the trial court could not then later assess a sentence of more than ten years. But we rejected that same argument when explaining why Covarrubia's

9

appeal from his conviction for aggravated assault lacks merit. We reject the argument for the same reasons here.

*The Appeal and the Cross-Appeal:*
*Are Covarrubia's Sentences Stacked?*

After Covarrubia appealed, the State filed a brief in which it suggests this Court should correct the judgment in trial court cause number 10-09733 because it "incorrectly provides that it should run concurrently rather than consecutively to Cause Number 10-09032 in contradiction to the court's oral pronouncement of sentence." Covarrubia also complains about the stacking order. According to Covarrubia, the judgment in the case convicting him for engaging in organized criminal activity should not include a stacking order in its March 2012 judgment because it failed to include one in the May 2011 judgment.

There is no doubt the written judgment the trial court signed in May 2011 does not contain a written stacking order. Yet there is also no doubt that during the May 2011 sentencing hearing, the trial court pronounced the court had decided to cumulate Covarrubia's sentence in cause number 10-09733 on top of the sentence the trial court gave him in trial court cause number 10-09032.

The State's complaint suggesting the written judgment signed in May 2011 fails to conform to the oral pronouncement of Covarrubia's sentence is based on the

10

reporter's record of the May 2011 hearing. The State is authorized to raise the issue in its cross-appeal.[15]

Under Texas law, the sentence a trial court pronounces at sentencing, even though oral, must be assessed in the defendant's presence.[16] Thus, while the written judgment is to reflect the defendant's sentence, it is still merely a written declaration and embodiment of the sentence the trial court pronounced during the defendant's sentencing hearing while the defendant was in the court's presence.[17] Because courts must assess sentences while the defendant is present, trial courts cannot legally orally pronounce one sentence in the defendant's presence "but enter a different sentence in [a] written judgment, outside the defendant's presence."[18] "When there is a conflict between the oral pronouncement of sentence and the sentence in the written judgment, the oral pronouncement controls."[19]

We may modify a trial court's judgment to make the record speak the truth when the information that we need is in the record that is before us in the appeal.[20] Here, the record reflects that during the May 2011 sentencing hearing, the trial court

---

[15]Tex. Code Crim. Proc. Ann. art. 44.01; Tex. R. App. P. 25.2(a)(1); *Pfeiffer v. State*, 363 S.W.3d 594, 599, 604 (Tex. Crim. App. 2012); *Mizell v. State*, 119 S.W.3d 804, 807 (Tex. Crim. App. 2003).
[16]*Taylor v. State*, 131 S.W.3d 497, 500 (Tex. Crim. App. 2004).
[17]*Id.*
[18]*Ex parte Madding*, 70 S.W.3d 131, 136 (Tex. Crim. App. 2002).
[19]*Taylor*, 131 S.W.3d at 500.
[20]Tex. R. App. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27-28 (Tex. Crim. App. 1993).

11

told Covarrubia the court was stacking, that is cumulating, his sentence in cause number 10-09733 on top of his sentence in cause number 10-09032.

Because the judgment the trial court signed in cause number 10-09733 does not conform to the trial court's oral pronouncement of the sentence, we sustain the State's cross-appeal. We also reject Covarrubia's argument claiming the court required him to begin serving his sentences before they were stacked. Instead, the record shows the trial court stacked the sentences during the hearing in September 2011 and ordered the sentences executed at that time.

## Conclusion

Because Covarrubia's issues lack merit, his issues are overruled. We sustain the State's cross appeal in trial court cause number 10-09733. We correct the written judgment by deleting the language on page one of the judgment stating, "THIS SENTENCE SHALL RUN CONCURRENTLY." We replace that language with the following: "Covarrubia's twenty-year sentence in trial court cause number 10-09733 shall begin only when the judgment and sentence in trial court cause number 10-09032 ceases to operate."

As modified, the judgments in trial court cause numbers 10-09032 and 10-09733 are affirmed.

AFFIRMED AS MODIFIED.

_____
HOLLIS HORTON
Justice

Submitted on March 24, 2021
Opinion Delivered July 14, 2021
Do Not Publish

Before Golemon, C.J., Kreger and Horton, JJ.