

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-21-00092-CR

———————————————

SAMUEL LYN REAVES A/K/A SAMUEL L. REAVES, Appellant

V.

THE STATE OF TEXAS

On Appeal from Criminal District Court No. 2
Tarrant County, Texas
Trial Court No. 0780991D

Before Birdwell, Bassel, and Womack, JJ.
Per Curiam Memorandum Opinion

**MEMORANDUM OPINION**

On July 12, 2021, Samuel Lyn Reaves attempted to appeal his conviction for felony driving while intoxicated, for which judgment was rendered on October 25, 2001.[1]

Because Reaves filed his notice of appeal nearly twenty years after it was due, we notified him of our concern that we lacked jurisdiction. *See* Tex. R. App. P. 26.2(a). We explained that unless he or another party filed a response showing grounds for continuing the appeal, it could be dismissed for want of jurisdiction. *See* Tex. R. App. P. 44.3. Reaves filed a response, but it did not relate to the issue of timeliness or anything that would show grounds for continuing the appeal.[2]

Our appellate jurisdiction is triggered through a timely notice of appeal. *Pfeiffer v. State*, 363 S.W.3d 594, 599 (Tex. Crim. App. 2012). If a notice of appeal is not timely filed, we do not have jurisdiction to address the merits of the appeal and may take no

---

[1]In his notice of appeal, Reaves contends that the punishment assessed exceeded what he and the State agreed to, that the board of pardons and paroles somehow converted his sentence from an offense punishable as a second-degree felony to one punishable as a first-degree felony, that no evidence supported his conviction, that due process was violated, that he received ineffective assistance of counsel, and that he was incompetent at the time of his plea agreement.

[2]In his response, Reaves protests that there was no evidence to support his conviction, that his sentence was unfair because it was at the high end of the punishment range, and that ineffective assistance of counsel rendered his plea involuntary.

action other than to dismiss it. *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998).

Because Reaves's notice of appeal was untimely, we dismiss the appeal for want of jurisdiction. *See* Tex. R. App. P. 26.2(a), 43.2(f).

Per Curiam

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: August 19, 2021