NO. 07-12-0347-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JANUARY 3, 2013
_____

AMY MICHELLE BRUCE, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 242ND DISTRICT COURT OF HALE COUNTY;

NO. B 17917-0901; HONORABLE ED SELF, JUDGE

_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

On May 1, 2009, Appellant, Amy Michelle Bruce, was placed on deferred adjudication community supervision for eighteen months for credit card or debit card abuse.[1] In 2010, by entry of an agreed order, Appellant's term of community supervision was extended three years to November 1, 2013. In April 2012, the State moved to proceed with an adjudication of guilt alleging Appellant had violated the terms

_____
[1]Tex. Penal Code Ann. § 32.31 (West 2011).

and conditions of her community supervision. At a hearing on the State's motion, Appellant entered a plea of true to those allegations. After hearing testimony in support of her plea of true, the trial court adjudicated her guilty of the original charge and assessed punishment at two years confinement in a state jail facility and a $2,000 fine. In presenting this appeal, counsel has filed an *Anders*[2] brief in support of a motion to withdraw. We grant counsel=s motion and as modified, affirm the judgment.

In support of his motion to withdraw, counsel certifies he has conducted a conscientious examination of the record and, in his opinion, the record reflects no potentially plausible basis to support an appeal. *Anders v. California*, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex.Crim.App. 2008). Counsel candidly discusses why, under the controlling authorities, the appeal is frivolous. *See High v. State*, 573 S.W.2d 807, 813 (Tex.Crim.App. 1978). Counsel has demonstrated that he has complied with the requirements of *Anders* and *In re Schulman* by (1) providing a copy of the brief to Appellant, (2) notifying her of her right to file a pro se response if she desired to do so, and (3) informing her of her right to file a pro se petition for discretionary review. *In re Schulman*, 252 S.W.3d at 408.[3] By letter, this Court granted Appellant an opportunity to exercise her right to file a response to counsel=s brief, should she be so inclined. *Id.* at 409 n.23. Appellant did not file a response. Neither did the State favor us with a brief.

---

[2] *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

[3] Notwithstanding that Appellant was informed of her right to file a pro se petition for discretionary review upon execution of the *Trial Court=s Certification of Defendant=s Right of Appeal*, counsel must comply with Rule 48.4 of the Texas Rules of Appellate Procedure which provides that counsel shall within five days after this opinion is handed down, send Appellant a copy of the opinion and judgment together with notification of her right to file a pro se petition for discretionary review. *In re Schulman*, 252 S.W.3d at 408 n.22 & at 411 n.35.

By the *Anders* brief, counsel candidly concedes there are no arguable issues to present to this Court. We review an appeal from a trial court's order adjudicating guilt in the same manner as a revocation hearing. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 5(b) (WEST SUPP. 2012). When reviewing an order revoking community supervision imposed under an order of deferred adjudication, the sole question before this Court is whether the trial court abused its discretion. *Rickels v. State,* 202 S.W.3d 759, 763 (Tex.Crim.App. 2006); *Cardona v. State*, 665 S.W.2d 492, 493 (Tex.Crim.App. 1984); *Jackson v. State*, 645 S.W.2d 303, 305 (Tex.Crim.App. 1983). In a revocation proceeding, the State must prove by a preponderance of the evidence that the probationer violated a condition of community supervision as alleged in the motion. *Cobb v. State*, 851 S.W.2d 871, 874 (Tex.Crim.App. 1993). If the State fails to meet its burden of proof, the trial court abuses its discretion in revoking community supervision. *Cardona*, 665 S.W.2d at 494. In determining the sufficiency of the evidence to sustain a revocation, we view the evidence in the light most favorable to the trial court's ruling. *Jones v. State*, 589 S.W.2d 419, 421 (Tex.Crim.App. 1979). Additionally, a plea of true standing alone is sufficient to support a trial court's revocation order. *Moses v. State*, 590 S.W.2d 469, 470 (Tex.Crim.App. 1979).

We have independently examined the entire record to determine whether there are any non-frivolous issues which might support the appeal. *See Penson v. Ohio*, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); *In re Schulman*, 252 S.W.3d at 409; *Stafford v. State*, 813 S.W.2d 503, 511 (Tex.Crim.App. 1991). We have found no such issues. *See Gainous v. State*, 436 S.W.2d 137 (Tex.Crim.App. 1969). After reviewing

3

the record and counsel=s brief, we agree with counsel that there are no plausible grounds for appeal.  *See Bledsoe v. State*, 178 S.W.3d 824 (Tex.Crim.App. 2005).

## COURT-APPOINTED ATTORNEY'S FEES

We note an issue not raised regarding the assessment of attorney's fees.[4]  Once a criminal defendant has been found to be indigent, he is presumed to remain indigent for the remainder of the proceedings unless a material change in a defendant's financial resources occurs.  *See* TEX. CODE CRIM. PROC. ANN. art. 26.04(p) (WEST SUPP. 2012). Furthermore, in order to assess attorney's fees in a judgment, order revoking community supervision, or order adjudicating guilt, a trial court must determine that the defendant has the financial resources that enable him or her to offset in part or in whole the costs of legal services provided.  *See* TEX. CODE CRIM. PROC. ANN. art. 26.05(g) (WEST SUPP. 2012).  *See also Mayer v. State*, 309 S.W.3d 552, 555-56 (Tex.Crim.App. 2010).  Additionally, the record must reflect some factual basis to support the trial court's determination.  *See Barrera v. State*, 291 S.W.3d 515, 518 (Tex.App.--Amarillo 2009, no pet.); *Perez v. State,* 280 S.W.3d 886, 887 (Tex.App.--Amarillo 2009, no pet.).

In *Wolfe v. State*, 377 S.W.3d 141, 144-46 (Tex.App.—Amarillo 2012, no pet.), this Court recently held that an agreement to pay attorney's fees as part of a plea bargain alone was insufficient to support the trial court's assessment of attorney's fees as court costs, even though payment of those fees had been a condition of appellant's community supervision.  *See Armstrong v. State,* No. 07-09-0091-CR, 2011 Tex. App.

---

[4]When a defendant appeals his conviction, courts of appeals have jurisdiction to address any error in that case.  *Pfeiffer v. State*, 363 S.W.3d 594, 599 (Tex.Crim.App. 2012).  Where, as here, the error appears on the face of the judgment and does not involve the merits of the criminal trial, but instead addresses the clerical correctness of the judgment, we find that the interest of justice dictates that we address the issue.

LEXIS 6637, at *3 (Tex.App.--Amarillo Aug. 17, 2011, no pet.) (not designated for publication) (modifying the trial court's judgment to delete the assessment of attorney's fees due to insufficient evidence without making any distinction between attorney's fees the defendant agreed to pay as a condition of his community supervision and additional attorney's fees assessed at adjudication).

Here, the clerk's record reflects the trial court appointed counsel to represent Appellant during the phase in which she was granted deferred adjudication and at each phase thereafter, including pursuing this appeal. Thus, because the record demonstrates that Appellant was indigent immediately prior to each time attorney's fees were awarded, we presume she remained indigent at the time of each award. Because there is no evidence in the record of a change in Appellant's financial resources that would enable her to offset in part or in whole the costs of legal services provided, we conclude that portion of the *Judgment Adjudicating Guilt* which orders her to pay court-appointed attorney's fees is improper.

Because no objection is required to challenge the sufficiency of the evidence regarding a defendant's ability to pay, *Mayer*, 309 S.W.3d at 555-56, and there is no evidence to support the order for Appellant to pay attorney's fees, the proper remedy is to delete that order. The *Judgment Adjudicating Guilt* is modified to delete the special finding on page 2 that she pay $417.43 for attorney's fees.

## CONCLUSION

As modified, the judgment is affirmed and counsel's motion to withdraw is granted.

Patrick A. Pirtle
Justice

Do not publish.